This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Diaz, appeals from the judgment of the Lorain County Court of Common Pleas, which convicted him of complicity to escape. We affirm.
 I. {¶ 2} Appellant was employed as a farm coordinator at Grafton Prison Farm, where he supervised prison inmates working on the farm. An investigation revealed that on two occasions inmates left the prison property without authorization. On March 31, 1999, Appellant was indicted on two counts of complicity to escape, in violation of R.C. 2923.03(A) and 2921.34(A), and one count of bribery, in violation of R.C. 2921.02(B).[1] Appellant entered a plea of not guilty. Appellant waived his right to trial by jury, and the matter proceeded to a bench trial, commencing on September 6, 2001. Appellant moved for acquittal pursuant to Crim. R. 29 on one count of complicity to escape and the bribery count. The court granted the motion and dismissed those counts. Appellant was found guilty of the remaining count of complicity to escape.
 {¶ 3} On February 1, 2002, Appellant filed a motion for a new trial pursuant to Crim. R. 33(A)(2), (3), (4), and (6) and/or to re-open the evidence. The trial court denied the motion and sentenced Appellant to a prison term of two years. This appeal followed.
 II. Assignment of Error I. {¶ 4} "THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} In his first assignment of error, Appellant argues that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 6} We begin our discussion by noting that sufficiency of the evidence and manifest weight of the evidence are distinct legal concepts. State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production, while a manifest weight challenge requires the court to examine whether the prosecution has met its burden of persuasion. Id. at 390 (Cook, J., concurring). See, also, State v. Angle
(June 2, 1999), 9th Dist. No. 2875-M, at 7.
 {¶ 7} When a defendant asserts that the conviction is against the manifest weight of the evidence:
 {¶ 8} "[A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 9} Only in the exceptional case, where the evidence presented weighs heavily in favor of the defendant, will the appellate court reverse and order a new trial. Id.
 {¶ 10} Appellant was charged with aiding and abetting inmates Eugene Goad and Michael Richmond in committing the offense of escape. R.C. 2923.03(A) provides:
 {¶ 11} "No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 12} "(1) Solicit or procure another to commit the offense;
 {¶ 13} "(2) Aid or abet another in committing the offense;
 {¶ 14} "(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
 {¶ 15} "(4) Cause an innocent or irresponsible person to commit the offense."
 {¶ 16} R.C. 2921.34 provides, in pertinent part:
 {¶ 17} "(A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
 {¶ 18} "(2) No person who is sentenced to a prison term pursuant to division (A)(3) of section 2971.03 of the Revised Code as a sexually violent predator, for whom the requirement that the entire prison term be served in a state correctional institution has been modified pursuant to section 2971.05 of the Revised Code, and who, pursuant to the modification, is restricted to a geographic area, knowing that the person is under a geographic restriction or being reckless in that regard, shall purposely leave the geographic area to which the restriction applies or purposely fail to return to that geographic area following a temporary leave granted for a specific purpose or for a limited period of time."
 {¶ 19} Appellant argues that (1) the evidence does not prove that Appellant was working on the day of the alleged escape, (2) there was no escape, (3) Appellant was not knowingly involved in any escape attempt, and (4) some witnesses had motives to falsify their testimony and one witness admitted to lying repeatedly about the events. Former inmate Eugene Goad testified that while he was an inmate working on the prison farm, he and inmate Michael Richmond arranged with farm coordinator Heath Mohrman to leave prison property in order for the inmates to visit with Richmond's wife Karen and Patricia Koenig, Goad's fiancée. The visit was planned for June 2, 1998, on Karen's birthday. Goad testified that the plan was for Mohrman to pick up the two inmates in a state vehicle and drop them off on Island Road, outside the prison grounds, where Karen and Patricia would be waiting to pick the inmates up. The inmates were to visit with the women at Karen's house in Cleveland then return to Island Road, where Mohrman would pick them up in the state vehicle and return them to prison property.
 {¶ 20} Both Goad and Michael Richmond testified that it was Appellant, and not Mohrman, who picked them up at the tractor shed and drove them to Island Road. Karen and Patricia also identified Appellant as the man who was driving the state vehicle and dropped off the inmates. There was also testimony that Appellant telephoned Karen's house while the inmates were there and spoke with Goad. After visiting at Karen's house for approximately an hour, Karen and Patricia drove Goad and Richmond back to Island Road, where Mohrman picked up the two men and returned them to prison grounds. Goad, Richmond, Patricia, and Karen each testified that the State agreed to not charge them if they agreed to cooperate and tell the truth in the investigation of the escapes.
 {¶ 21} The State presented several photographs as evidence. One such picture depicted the inmates, dressed in civilian clothes, sitting in the back seat of Karen's car. Other pictures showed the inmates at Karen's house.
 {¶ 22} Rebecca Everly is employed by Grafton Correctional Institution. She identified the pay records of Appellant, stating that the pay records indicate that Appellant worked on June 2, 1998. Everly testified that although the pay records do not indicate what shift Appellant worked that day, the pay records do indicate that he worked his regular shift. On cross-examination, Everly testified that white-out and yellow highlighter had been used on Appellant's pay record. She stated that the pay record contained a notation that Appellant was issued a temporary identification for June 2, 1998, and the payroll officer would have made corrections to the pay record to indicate the issuance of the temporary identification.
 {¶ 23} Appellant testified in his defense, and he denied driving Goad and Richmond off of the prison grounds to meet with women. He stated that he could not remember if he worked on June 2, 1998. Appellant did admit that at one time he drove Goad and Richmond to a field on prison grounds to repair some fences at the direction of Mohrman.
 {¶ 24} Although some of the testimony in this case was in conflict, we decline to overturn the verdict because the trier of fact believed the prosecution witnesses. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4. Matters of credibility are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. We find no indication that the trier of fact lost its way and committed a manifest miscarriage of justice.
 {¶ 25} Further, this is not a case where the evidence weighs heavily in favor of Appellant, meriting a reversal of the conviction and a new trial. Therefore, we conclude that Appellant's conviction for complicity to escape was not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.
 Assignment of Error No. II. {¶ 26} "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL."
 {¶ 27} In his second assignment of error, Appellant asserts that the trial court erred when it denied his motion for a new trial. We disagree.
 {¶ 28} In his motion for a new trial, Appellant argued that newly discovered evidence questions the credibility of his pay record. He asserted that an unknown source provided him with a document labeled "Tardy/Fail to Clock in Report 4/12/98 to 7/18/98." Appellant argued that the document indicates that he worked on June 1, 1998. Appellant contends that this information contradicts the pay record introduced at trial which indicated that he did not work on this date. Appellant argued that after receiving this document, he reviewed his own personal records and discovered some other discrepancies. Appellant also asserts that Grafton Correctional Institution would maintain other employment documents, including a temporary identification log, which would more accurately reflect whether he worked on June 2, 1998.
 {¶ 29} An appellate court will not disturb a trial court's denial of a motion for a new trial absent an abuse of discretion. State v.Williams (1975), 43 Ohio St.2d 88, paragraph two of the syllabus. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 30} Crim. R. 33(A) provides that a new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at trial." To prevail on a motion for a new trial based upon the grounds of newly discovered evidence pursuant to Crim. R. 33(A)(6), the defendant must establish that the new evidence:
 {¶ 31} "(1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." State v. Hawkins (1993),66 Ohio St.3d 339, 350, quoting State v. Petro (1947), 148 Ohio St. 505, syllabus.
 {¶ 32} Appellant argues that the newly discovered evidence "calls into question the reliability and authenticity of Exhibit 11," Appellant's payroll record. However, this new evidence would merely contradict the evidence presented in the trial. Moreover, Appellant fails to demonstrate why he could not have discovered this evidence prior to trial with reasonable diligence. Accordingly, we find no abuse of discretion in the trial court's denial of Appellant's motion for a new trial. The second assignment of error is overruled.
 Assignment of Error No. III. {¶ 33} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUESTS TO REVIEW POLYGRAPH RESULTS OF THE STATE'S WITNESSES."
 {¶ 34} In his final assignment of error, Appellant argues that the trial court abused its discretion by denying Appellant's request for results of polygraph tests taken by various witnesses for the State. We find Appellant's argument to be without merit.
 {¶ 35} Appellant asserts that counsel requested the results during trial and that the motion was denied. The State counters that no such motion was before the court. During the presentation of the State's evidence, Appellant's counsel addressed the court as follows:
 {¶ 36} "Judge, I think he should have to provide me with the results of the voice stress test. He keeps implying this the whole time. Let me have the results."
 {¶ 37} Assuming, arguendo, that this was a valid motion to the court, we find no error. "[T]he Supreme Court of Ohio has held that the state is not required to provide through discovery the results of a polygraph test performed on state witnesses because the subjective interpretations of the examiner prevent polygraph examinations from being reasonably reliable." State v. Hesson (1996), 110 Ohio App.3d 845, 858, citing State v. Davis (1991), 62 Ohio St.3d 326, 341-42. Moreover, polygraph results are not scientific tests subject to discovery pursuant to Crim. R. 16. Davis, 62 Ohio St.3d at 342. See, also, State v. Buhrman
(Sept. 12, 1997), 2d Dist. No. 96CA145.
 {¶ 38} Appellant concedes that such polygraph results are neither discoverable nor admissible at trial without stipulation by the parties. However, Appellant asserts that the State's witnesses "repeatedly made mention of these polygraph examinations throughout the trial." (Emphasis omitted.) Appellant argues that therefore he was entitled to cross-examine the witnesses concerning the polygraphs. Appellant argues that in this case, the State purposely informed the trial court that such tests were taken in order to bolster the credibility of the State's witnesses.
 {¶ 39} Appellant waived his right to a trial by jury and his case was tried to the bench. A trial judge in a bench trial is presumed to know the law and to consider only the relevant, material, and competent evidence in arriving at a decision. City of E. Cleveland v. Odetellah
(1993), 91 Ohio App.3d 787, 794; see, also, State v. Davis (1992),63 Ohio St.3d 44, 48. There is nothing in the record that would overcome this presumption. Accordingly, we find no error in the trial court's denial of Appellant's request for polygraph results of the State's witnesses. Appellant's third assignment of error is overruled.
 III. {¶ 40} Having overruled Appellant's three assignments of error, we affirm the judgment of the Lorain County Court of Common Pleas.
CARR, J., WHITMORE, J. CONCUR.
[1] Another farm coordinator, Heath Mohrman, was also indicted on two counts of complicity to escape and one count of bribery. The cases were consolidated for trial. Mohrman was subsequently convicted of all charges. Upon finding that Mohrman's right to counsel was violated, this Court reversed Mohrman's conviction and remanded the case for further proceedings. See State v. Mohrman, 9th Dist. No. 02CA008053, 2002-Ohio-6610.