THE STATE OF OHIO, APPELLANT, *v.* WILLIAMS, APPELLEE.

(No. 74-857—Decided July 9, 1975.)

Mr. *John T. Corrigan*, prosecuting attorney, and *Mr.* *George J. Sadd*, for appellant.
Mr. *Donald A. Modica*, for appellee.

CELEBREZZE, J. This case presents for determination the question of whether the refusal of a trial judge to grant a motion for a new trial based upon newly discovered evidence in a criminal case is an abuse of discretion where the "new evidence" is hearsay testimony consisting of an admission against penal interest by the absent declarant. The ruling of the Court of Appeals is premised principally upon the decision of this court in the case of *G. M. McKelvey Co.* v. *General Casualty Co. of America* (1957), 166 Ohio St. 401. That was a civil case wherein the plaintiff, McKelvey Co., attempted to recoup its losses sustained through the misappropriation of store funds by its employees, from the defendant, General Casualty, who had bonded the employees. McKelvey Co. sought to introduce the "written and signed confessions" of the allegedly defalcating employees after clearly establishing that all the declarants, save one, were unavailable as witnesses. The trial court admitted the "confessions" for a limited purpose, excluding any amounts stated therein. The jury returned a verdict for less than the sum claimed, and the plaintiff appealed the limited-purpose ruling of the trial court on the hearsay testimony. The Court of Appeals reversed, stating that the trial court should have unconditionally received such "confessions."

This court, in affirming the judgment of the Court of Appeals said, at page 406:

"It is our conclusion that, in a civil action by an insured against his fidelity insurer to recover for defalcations by employees of the former, *where such employees are unavailable as witnesses, they having been summoned and not found in the jurisdiction by the sheriff*, written and signed confessions of such employees are admissible in evidence as declarations against interest as to both the fact and the amount of the loss." (Emphasis added.)

We are unable to agree with the suggestion of the Court of Appeals that the testimony as presented should be received under any circumstance.

One of the main requirements satisfying this exception to the hearsay rule is that the declarant be unavailable at the time of trial, or, as in this case, at the time the "newly discovered evidence" is submitted at a hearing on a motion for a new trial. McCormick on Evidence 646, Section 253.

2 Jones on Evidence 184 (6 Ed.), Section 9:1, supports this premise:

"Unavailability of the declarant, arising from the fact of * * * absence from the jurisdiction * * * provides the element of necessity for the exceptional admission of hearsay * * *."

The dissenting opinion of Mr. Justice Holmes in the case of *Donnelly* v. *United States* (1913), 277, 228 U. S. 243, starts out with the language:

"The confession of Joe Dick, since deceased * * *."

Rule 804 (b) (3) of the Federal Rules of Evidence for United States courts contains the following language:

"Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

"* * *

" (4) A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render invalid a claim by him against another, that a reasonable man in his position would

not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.''

Although there is nothing in the record to determine whether the witnesses were unavailable, it is sufficient to state that the burden of laying the foundation for the admission of this testimony is upon the party who offers it and vouches for its veracity.

The record of the hearing on the motion does not show that the prosecutor failed to object to the requisite unavailability thereby waiving that requirement, but on the contrary shows the following:

''Mr. Kickel: Your Honor, the state has received a copy of the motion for a new trial and the affidavits attached thereto, and based on that information does not think that it warrants a new trial inasmuch as it is hearsay evidence and it is not admissible in a court of law.''

Therefore, even if this court assumed the applicability of the *McKelvey* case it is obvious that the necessary unavailability of the witness to satisfy this type of exception to the exclusionary rule of hearsay testimony has not been met.

''The granting of a motion for a new trial upon the ground of newly discovered evidence is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record.'' *State* v. *Lopa* (1917), 96 Ohio St. 410, 411.

Mr. Justice Black, in the case of *United States* v. *Johnson* (1946), 327 U. S. 106, 112, wrote the following which applies equally to this case:

''The trial judge's findings were supported by evidence. He had conducted the original trial and had watched the case against Johnson and the other respondents unfold from day to day. Consequently the trial judge was excep-

tionally qualified to pass on the affidavits. The record of both the original trial and the proceedings on the motions for a new trial shows clearly that the trial judge gave the numerous elements of the controversy careful and honest consideration. We think that even a casual perusal of this record should have revealed to the circuit court of appeals that here nothing more was involved than an effort to upset a trial court's findings of fact.''

Appellant argues further that it is not an abuse of discretion for a trial court to interrogate a witness. Appellee, in support of the ruling of the Court of Appeals, contends that questions propounded by the trial court lent support to the testimony of the victim by showing that the defendant was ''a dangerous man,'' that he was guilty of a crime for which he had not been charged, and that the policeman witness had erred in ''not arresting the appellee immediately.''

*State, ex rel. Wise,* v. *Chand* (1970), 21 Ohio St. 2d 113, 119, states:

''In a trial before a jury, the court's participation by questioning or comment must be scrupulously limited, lest the court, consciously or unconsciously, indicate to the jury its opinion on the evidence or on the credibility of a witness.''

Counsel cite further the case of *C. A. King & Co.* v. *Horton* (1927), 116 Ohio St. 205, which contains the following language in the first paragraph of the syllabus:

''* * * it becomes the duty of the presiding judge to further examine witnesses and develop the facts, and to submit the issues thus made to the jury under proper instructions as to the law applicable thereto.''

The court's interrogation in this case was sufficiently terse and gave rise to no injustice or abuse of discretion. In addition, the court carefully charged the jury on the separate and distinct provinces of the judge and jury, including the following admonition:

''If, during the course of this trial, this court has said anything or done anything that you consider is an indica-

tion of the court's view upon the facts, then you are instructed as a matter of law to disregard them.''

Accordingly, the judgment of the Court of Appeals is reversed, and the judgment of the Court of Common Pleas is reinstated.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.