DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Tommie Fortson appeals his conviction for aggravated trafficking in violation of R.C. 2925.03. We affirm.
 I.
Fortson's conviction arose from an investigation into heroin trafficking. The heroin investigation spanned several months and involved several locations. The investigation eventually resulted in the indictment of twenty-two persons on various drug-related charges, including conspiracy to engage in a pattern of corrupt activity.
On June 12, 1996, the police executed a search warrant for a house that was suspected to be involved in the heroin trafficking ring. The house was located on a dead end street. As a security precaution, a squad car and several uniformed officers were located on the street in front of the house. At one point, one of the uniformed officers observed a car pull into the dead end street, stop, and reverse direction. The officer immediately approached and stopped the vehicle.
Fortson was driving the vehicle and Larry Lusane was a passenger. Fortson was believed to be connected to the heroin trafficking ring, but was not a target of the investigation. Fortson and Lusane were ordered out of the vehicle and Fortson consented to a search of the vehicle. Upon glancing into the vehicle through an open window, an officer noticed a bag of crack cocaine in plain view on the floor of the vehicle near the front passenger seat. Additionally, the search revealed a package of cigarettes containing another rock of crack, wedged between the passenger door and the passenger seat. Fortson denied any knowledge of the crack. Fortson and Lusane were arrested and charged with aggravated trafficking.
As the heroin investigation concluded and the suspects were systematically arrested, the police began to question the suspects about Fortson's involvement. After speaking with several members of the heroin trafficking ring, the police developed evidence that Fortson had supplied cocaine to the members of the heroin trafficking ring. Therefore, Fortson was also charged with conspiracy to engage in a pattern of corrupt activity.
The conspiracy and trafficking charges were tried together. At trial, four members of the heroin trafficking ring testified against Fortson, claiming that Fortson supplied the group with cocaine. Nevertheless, Fortson was acquitted of the conspiracy charge and only convicted of trafficking.
Fortson's assignments of error have been reversed for ease of discussion.
 II.
In his second assignment of error, Fortson claims that his conviction on the trafficking charge was not supported by the weight of the evidence. The appropriate standard of review for a challenge to the weight of the evidence is set forth in State v.Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Additionally, Fortson argues in his reply brief that the credibility of the witnesses is a proper subject for review on appeal. While we agree with this statement in principle, "we will continue to give the jury's assessment of credibility all due deference." State v. Bezak (Feb. 18, 1998), Summit App. No. 18533, unreported.
Aggravated trafficking is defined in R.C. 2925.03:
 (A) No person shall knowingly do any of the following:
* * *
 (4) Possess a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount[.]
* * *
 (C) If the drug involved is any compound, mixture, preparation, or substance included in * * * schedule II, whoever violates this section is guilty of aggravated trafficking.
 Cocaine is included in schedule II. R.C. 3719.41. A "bulk amount" is defined as: "An amount equal to or exceeding ten grams or twenty-five unit doses of a compound, mixture, preparation, or substance that is or contains any amount of * * * cocaine[.]" R.C. 2925.01(E)(1).
At trial, the prosecution presented testimony from the officers who searched the vehicle and the officer who tested the substance found during the search. This evidence confirmed that the substance was crack cocaine and that there were over twenty-five unit doses present. Thus, the evidence clearly showed that a bulk amount of a schedule II substance was found in the vehicle that Fortson was driving.
Fortson does not challenge this evidence. Instead, Fortson argues that the prosecution failed to prove that he knowingly possessed the crack. At trial, the defense called one witness — Lusane — who testified that the crack and the cigarettes were his, not Fortson's. Fortson did not testify. Additionally, prior to the search, one of the officers noticed Lusane nervously looking into the car through the passenger window.
However, the state presented the testimony of four members of the heroin trafficking ring. All four persons testified that Fortson had sold them cocaine in the past and two of them testified that Lusane worked for Fortson. One witness, Tammy Kuhns, testified that she was once Fortson's girlfriend and had seen Fortson process cocaine into crack in her apartment. Kuhns also testified that Fortson admitted to her that the cocaine found in the car was his and that Lusane was going to claim the crack as his own because Lusane had no prior record and would get a lesser sentence than Fortson.
While Fortson claims the prosecution's witnesses were not credible, the jury was in the best position to make that judgment. The jury, as was their prerogative, chose not to believe Lusane when he claimed that the crack was his.
After giving the jury's assessment of credibility all due deference, we conclude that the evidence does not weigh heavily against a finding that Fortson knowingly possessed a bulk amount of crack cocaine. Assignment of error number two is overruled.
 III.
In his first assignment of error, Fortson claims:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR NEW TRIAL MADE ON THE GROUNDS OF NEWLY DISCOVERED EVIDENCE.
Just after trial, Fortson was also indicted for intimidating a witness. This witness was Leigh Snyder, one of the heroin traffickers that testified against Fortson. In regard to this charge, Fortson took a stipulated polygraph examination. Fortson apparently passed the polygraph examination and the intimidation charge was dismissed. The record does not contain the actual language of the stipulation or the actual results of the polygraph.
Fortson moved for a new trial based on the results of the polygraph. Fortson argued that since he had passed the polygraph, Snyder must have been lying about the intimidation charge. Fortson claimed that he should be given a new trial in order to present this new evidence concerning Snyder's credibility to the jury. The trial court denied the motion, finding that Snyder testified primarily with respect to the conspiracy charge. The court concluded that since Fortson was acquitted of conspiracy, the jury must not have believed Snyder in the first place.
Whether to grant a motion for a new trial is within the sound discretion of the trial court. State v. Brumback (1996), 109 Ohio App.3d 65,85, citing State v. Williams (1975), 43 Ohio St.2d 88, paragraph two of the syllabus.
 To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted,* * * (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
State v. Petro (1947), 148 Ohio St. 505, syllabus.
The state argues that a new trial was not warranted because the new evidence merely impeached Snyder's credibility. However, this court has previously recognized that "newly discovered evidence impeaching key testimony may alone be sufficient to grant a new trial if introduction of the evidence at trial probably would have changed the result." Brumback, supra at 85-86. Nevertheless, the trial judge could reasonably conclude that the new evidence offered by Fortson would probably not change the result of the trial.
Snyder testified that she had purchased cocaine from Fortson in the past and that Lusane worked for Fortson. However, Snyder was not the only witness to make these accusations. Even if we presume that the new evidence affects Snyder's credibility, there were three other witnesses who testified that they had purchased cocaine from Fortson and one other witness who testified that Lusane worked for Fortson. Therefore, regardless of Snyder's testimony, the jury could draw the same conclusions.
Additionally, Snyder's testimony had no impact on the evidence showing that the crack was found in plain view on the floor of the car that Fortson was driving and that Fortson had admitted to Kuhns that the drugs were his. From that evidence alone, the jury could infer that Fortson had knowingly possessed the crack. Therefore, it was not an abuse of discretion for the trial court to deny Fortson's motion for a new trial. Assignment of error number one is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DANIEL B. QUILLIN, FOR THE COURT
SLABY, P. J.
REECE, J., CONCUR