OPINION
Appellant, Jimmy Morgan, appeals a judgment of the Court of Common Pleas of Shelby County, denying his motion for a new trial pursuant to Crim.R. 33. For the reasons that follow, we affirm the judgment of the trial court.
On May 15, 1997, Appellant was involved in an altercation at a bar in Sidney, Ohio with an individual named Steven Scott Reed. After Appellant and Reed exchanged words, Reed left the bar with his friends, Fred Buss and Steve Martin. However, Reed, Buss and Martin returned a short time thereafter and remained until the bar closed in the early morning hours of May 16, 1997. At that time, Appellant and Reed resumed their argument in the parking lot of the bar. The argument ended without incident, and the parties returned to their vehicles and left the bar.
Subsequently, Reed, accompanied by Buss and Martin, followed Appellant from the bar back to his house. Upon arriving home, Appellant obtained a loaded .38 caliber handgun from his bedroom and proceeded outside where an argument ensued between him and Reed in front of his house. During the course of the argument Appellant discharged his handgun three times, striking Reed twice. Reed died shortly thereafter as a direct result of the gunshot injuries.
On May 23, 1997, Appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01, which included a firearm specification. Appellant entered a plea of not guilty on May 30, 1997. A jury trial in this matter commenced on August 12, 1997. At trial, Appellant claimed self-defense, arguing that Reed brandished a knife when he came to his house and attempted to cut him with it. Appellant testified that several hours earlier at the bar, Buss had displayed a knife and told Reed that it would be available to him if he needed it. Buss, however, denied possessing a knife or seeing Reed with a knife at Appellant's house. Furthermore, no other witnesses saw a knife and police did not discover a knife during the course of their investigation.
On August 15, 1997, the jury convicted Appellant of aggravated murder and the firearm specification. Thereafter, the trial court entered judgment on August 20, 1997, sentencing Appellant to a term of life in prison with parole eligibility after twenty years on the aggravated murder conviction and a consecutive term of three years in prison for the firearm specification. This Court subsequently affirmed the trial court's judgment.
Following his conviction, Appellant twice moved for a new trial pursuant to Crim.R.33, each of which was denied. On March 6, 2000, Appellant filed his third motion for a new trial, based upon newly discovered evidence. Specifically, Appellant claimed that on two occasions after the trial Buss admitted that Reed brandished a knife at Appellant's house. Appellant also claimed that Buss admitted that he disposed of the knife after the incident and that he provided false testimony at trial.
Additionally, Appellant argued that he was unavoidably detained from filing the motion for a new trial within the time parameters specified in R.C. 2945.80 and Crim.R. 33 and requested an evidentiary hearing. On May 4, 2000, the trial court held that an evidentiary hearing on this matter was not necessary and denied Appellant's third motion for a new trial.
Appellant now appeals the judgment of the trial court denying his latest motion for a new trial, assigning one error for our review.
 The trial court abused its discretion by failing to grant an evidentiary hearing or new trial based on newly discovered evidence.
In State v. Petro (1947), 148 Ohio St. 505, at the syllabus, the Supreme Court of Ohio held:
 To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. * * * (citation omitted.)
 See, also, State v. Hawkins (1993), 66 Ohio St.3d 339.
"The granting of a motion for a new trial upon the ground of newly discovered evidence is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion; and whether that discretion has been abused must be disclosed from the entire record." State v. Williams
(1975), 43 Ohio St.2d 88, 93, quoting State v. Lopa (1917), 96 Ohio St. 410,411. A trial court's decision to not grant a hearing on a motion for a new trial is likewise reviewed under an abuse of discretion standard. State v. Tomlinson (1997), 125 Ohio App.3d 13, 20; State v.Smith (1986), 30 Ohio App.3d 138, 139. An abuse of discretion by the trial court "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In its judgment entry dated May 4, 2000, the trial court conceded that Appellant's newly alleged evidence satisfies the second, third and fourth factors outlined in Petro, but fails to satisfy the first, fifth and sixth factors. Therefore, for purposes of this appeal, we will only address the trial court's judgment with respect to the first, fifth, and sixth factors.
Regarding the first factor in Petro, the trial court held that the newly alleged evidence does not create a strong probability that the result would be different if a new trial were granted. Specifically, the court stated that even if Reed brandished a knife when he went to Appellant's house, Appellant's own conduct defeats his claim of self-defense. In order to establish a claim of self-defense, it must be shown that:
 (1) the slayer was not at fault in creating the situation giving rise to the affray; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the slayer must not have violated any duty to retreat or avoid the danger. [Citation omitted.]
State v. Robbins (1979), 58 Ohio St.2d 74, at paragraph two of the syllabus; see, also, State v. Thomas (1997), 77 Ohio St.3d 323, 326;State v. Williford (1990), 49 Ohio St.3d 247, 249.
At trial, Appellant testified that after he returned home from the bar during the early morning hours of May 16, 1997, he looked out his bedroom window and observed Reed, Buss and Martin stop their vehicle in front of his house. Upon seeing this, Appellant retrieved a loaded .38 caliber handgun from his dresser drawer. Appellant testified that he then walked through a room in his house, which contained a telephone he could have used to call police. Thereafter, he proceeded onto the front porch of his home and into his front lawn where he encountered Reed.
At that point, the testimony in the record differs as to whether Reed threatened to cut Appellant and then brandished a knife in an attempt to do so. The testimony also differs as to whether Appellant displayed the handgun and warned Reed that he would shoot prior to discharging the weapon. Finally, the testimony differs as to the exact location in Appellant's yard where Reed was shot.
Regardless of the discrepancies in the witness' testimony, we agree with the trial court's holding that the evidence in the record does not support a claim of self-defense. Even if we concede that Appellant was not at fault in creating the situation, and had a bona fide belief that he was in imminent danger of death or great bodily harm as set forth inRobbins, supra, he nonetheless violated a duty to retreat or avoid the danger. In addition to the fact that Appellant could have remained inside and called the police when the individuals appeared at his house, there is testimony in the record that Appellant believed that Reed might attempt to follow him home from the bar.
The trial court also found, and we agree, that Appellant's newly alleged evidence only serves to impeach Buss' trial testimony. Despite Buss' testimony, however, there is testimony from several other witnesses who did not see Reed or anyone else brandish a knife at Appellant's house or anytime prior to the incident. Therefore, we find that Appellant's newly discovered evidence does not disclose a strong probability that the result would be different if a new trial was granted. Accordingly, the trial court did not abuse its discretion in determining that Appellant failed to establish the first factor in Petro.
Furthermore, regarding the fifth and sixth factors outlined in Petro,
Appellant maintained throughout the trial that Reed brandished a knife at his house and attempted to harm him with it. Any new evidence attempting to establish that Reed did indeed brandish a knife would only be cumulative to Appellant's own testimony. In addition, this evidence would contradict the other testimony at trial that neither Reed nor anyone else brandished a knife at Appellant's house or at anytime during the evening prior to the incident. This evidence would also contradict the fact that the police never recovered a knife during the course of their investigation.
Therefore, we find that the trial court did not abuse its discretion in either denying Appellant's motion for a new trial or in denying a hearing on the matter.
Accordingly, Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we hereby affirm the judgment of the trial court.
 ___________________________ WALTERS, J.
HADLEY, P.J., and SHAW, J., concur.