JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant Marvin Murrell appeals the judgment of trial court that denied his motion for a new trial. We affirm the judgment of the trial court.
Murrell was arrested for possession of cocaine after police officers found cocaine in the trunk of the car that Murrell was driving. Following a jury trial, Murrell was convicted of possession of cocaine and was sentenced to an eight-year prison term. Murrell appealed his conviction, and this court affirmed the judgment in April 2003.[1] On June 9, 2003, Murrell filed a motion to vacate and to set aside his conviction. After the trial court overruled his motion, Murrell appealed the judgment. On October 27, 2003, while his appeal was pending before this court, Murrell filed a motion for a new trial. This court affirmed the trial court's denial of Murrell's motion to vacate and set aside his conviction.[2] On April 9, 2004, the trial court overruled Murrell's motion for a new trial. Murrell now appeals that judgment.
Murrell asserts three assignments of error. First, Murrell contends that his counsel's failure to file a motion to suppress amounted to ineffective assistance of counsel. In his second assignment of error, Murrell claims that his Fourth, Fifth, and Fourteenth Amendment rights were violated because the prosecutor hid evidence. His third assignment of error is that the trial court erred in allowing police officers to lie while testifying during his trial. We conclude that the doctrine of res judicata bars these claims because they all could have been raised in Murrell's initial appeal. Accordingly, none of the assignments of error has merit.
In addition to the three assignments of error, Murrell captioned his motion for a new trial and his appellate brief as involving newly discovered evidence. We review the denial of a motion for a new trial on this ground under an abuse-of-discretion standard.[3] Murrell attached to his motion an affidavit from Walter Williams that stated that Williams, the owner of the car, had not given Murrell access to the trunk of the car in which the cocaine was found. But the affidavit did not present newly discovered evidence within the meaning of Crim. R. 33(A)(6). Williams testified at the trial that he had not given Murrell the key to the trunk of the car. We conclude that the trial court did not abuse its discretion in denying Murrell's motion for a new trial based on Williams's affidavit.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] State v. Murrell, 1st Dist. No. C-020333, 2003-Ohio-2068.
[2] State v. Murrell (Feb. 25, 2004), 1st Dist. No. C-030493.
[3] State v. Williams (1975), 43 Ohio St.2d 88,330 N.E.2d 891, paragraph two of the syllabus.