OPINION
{¶ 1} Defendant-appellant, Dominique DeShawn Hill (hereinafter "Hill"), appeals the judgment of the Allen County Court of Common Pleas, Juvenile Division, denying his motion for a new trial. Hill also appeals the sentence imposed by the trial court.
 {¶ 2} At 11:44 p.m. on December 10, 2004, police officers went to the home of Debra Henderson (hereinafter "Henderson") to investigate a potential domestic violence situation. Henderson had become involved in an argument with her twelve year old daughter Miranda about an eighteen year old male named Aaron Long (hereinafter "Aaron"). Aaron and his friend Brice Johnson (hereinafter "Brice") had been at the Henderson home shooting pool earlier that day but had left before the police were called. According to Officer Robert Sarchet of the Lima Police Department (hereinafter "Officer Sarchet"), no injuries were reported or observed by the police during their visit at this time and no arrests were made.
 {¶ 3} After the police left Henderson's home, Aaron, Brice, and two black males that Henderson did not know, stopped by the house. According to Henderson, Aaron said that he had stopped by the home to make sure everything was okay "because if it wasn't, he might have to get his pistol out". Henderson noticed that the two black males were not wearing any coats which she thought was odd given that it was early December and it was cold outside. Henderson called police dispatch and asked the dispatcher to have the police officers stop by her house so that she could tell the officers about the visit.
 {¶ 4} Officer Sarchet arrived at Henderson's home on December 11, 2004, at 1:06 a.m. When he arrived at the Henderson home that second time, Officer Sarchet looked through a crack in a curtain on the front door and saw a black male inside Henderson's home. The black male was later identified as Hill. Officer Sarchet then knocked on the door and yelled "police". Officer Sarchet watched Hill open the curtain. According to Officer Sarchet, he yelled "Police" again but Hill did not answer the door. Officer Sarchet said that it sounded like Hill was running through the home. Then Henderson came running out the door exclaiming to Officer Sarchet that she had been raped and that the assailant was still in the house.
 {¶ 5} Shortly thereafter, additional officers arrived at the house including a K-9 unit. Hill was determined to be in the basement. Officer Sarchet yelled for Hill to either come out of the basement or the officers would send the police dog down to get him. Hill exited the basement and was arrested.
 {¶ 6} At the time of his arrest, Hill was thirteen years old. Later, Henderson discovered that Hill had stolen money from her purse. Hill was subsequently indicted as a serious youthful offender for aggravated burglary, a violation of R.C.2911.11(A)(1) and a first degree felony; and four counts of forcible rape, violations of R.C. 2907.02(A)(2) and first degree felonies.
 {¶ 7} On March 21, 2005, Hill's jury trial commenced. The jury found Hill guilty of aggravated burglary, and of the two counts of rape which concerned vaginal and anal rape. However, the jury found Hill not guilty on the two remaining counts of rape which concerned fellatio and inserting an object into the vagina.
 {¶ 8} On May 25, 2005, Hill's mother, Kim Williams (hereinafter "Williams"), requested that Hill have new counsel appointed. Williams argued that Hill's trial counsel failed to investigate information that Williams had received from women incarcerated with Henderson at the Allen County Jail. The trial court denied Williams' request.
 {¶ 9} The trial court held a sentencing hearing on August 5, 2005. Hill was ordered committed to the Ohio Department of Youth Services for a minimum period of one year for the aggravated burglary and a minimum period of three years for each of the two rape convictions. The time was ordered to be served consecutively, which resulted in a total minimum commitment of seven years. The trial court also sentenced Hill to an adult sentence of three years imprisonment for aggravated burglary and six years imprisonment for each of the two rape convictions, to be served consecutively, for a total of fifteen years imprisonment. The trial court then stayed the adult portion of the sentence.
 {¶ 10} On July 22, 2005, Hill filed a motion for new trial under Criminal Rule 33(A)(6) based on newly discovered evidence. The evidence in question consisted of the deposition testimony of Charlotte Gunn (aka Charlotte Tucker) (hereinafter "Gunn"), and the affidavits of Gay White (hereinafter "White") and Schakia Yates (hereinafter "Yates"). According to Gunn, White, and Yates, they were all in the Allen County Jail with Henderson on or about February 2, 2005. Gunn, White, and Yates state that they heard Henderson say that she was not raped, that she alleged she was raped because she had given alcohol to minors and had consensual sex with a minor, and that she sustained her injuries from a physical fight with her daughter earlier that day. The trial court denied the motion for a new trial.
 {¶ 11} It is from the trial court's denial of the motion for a new trial and imposition of sentence, that Hill appeals setting forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT COMMITTED AN ERROR OF LAW IN DENYING THE MOTION FOR A NEW TRIAL. {¶ 12} As a basis for his argument that the trial court erred in denying his motion for a new trial, Hill asserts that the criteria have been met for the granting of a motion for a new trial based on newly discovered evidence set forth by the Ohio Supreme Court in State v. Petro (1947), 148 Ohio St. 505, 36 O.O. 165, 76 N.E.2d 370.
 {¶ 13} A trial court's decision whether "to grant or deny a motion for a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court and, absent an abuse of discretion, that decision will not be disturbed." Statev. Hawkins (1993), 66 Ohio St. 3d 339, 350, 612 N.E.2d 1227, citing State v. Williams (1975), 43 Ohio St.2d 88, 72 O.O.2d 49, 330 N.E.2d 891. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 14} The Ohio Supreme Court has held that in order "[t]o warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." Petro, 148 Ohio St. 505, syllabus;Hawkins, 66 Ohio St. 3d at 350.
 {¶ 15} The trial court found that Charlotte Gunn told Williams about the evidence in question some time during the third week of February, 2005. The trial court further found that, after learning of Gunn's information, the exercise of due diligence would have resulted in the discovery of White and Yates.
 {¶ 16} Hill argues that the information was discovered after the trial. Hill maintains that Williams was approached by Gunn on March 27, 2005, and that Williams contacted Hill's counsel that day. Consequently, Hill argues that the evidence was newly discovered.
 {¶ 17} After reviewing the record, we find that there is competent, credible evidence to support the trial court's finding that Gunn provided Williams with the information prior to Hill's trial. In her deposition, Gunn stated that she contacted Williams and told her about Henderson's statement following a visitation at the Juvenile Detention Center. The prosecution presented evidence that Gunn and Williams were both present at the juvenile detention center on January 20, 2005; February 20, 2005; and March 1, 2005. Moreover, Gunn stated she was in jail in early February for a ten-day jail sentence and that she told Williams the information about a week after she got out of jail. Consequently, there is evidence to support the trial court's finding that Williams had the information prior to Hill's trial which started on March 21, 2005. Furthermore, given Gunn's information that Henderson made the statements while at the Allen County Jail, Hill would have been able to find White and Yates before his trial with the exercise of due diligence. Consequently, the trial court did not err when it found that the second and third prong of the Petro test had not been met.
 {¶ 18} Hill maintains that because the jury did not believe Henderson regarding two of the rape counts, the additional evidence combined with his own testimony of the events creates a strong probability of a different trial result. We find that the argument lacks merit.
 {¶ 19} Assuming arguendo that the evidence in dispute had been discovered after the trial, the evidence does not disclose a strong probability of a different result. The fact that Hill was acquitted on two counts of rape and that he testified at trial regarding the events does not create a strong probability of a different result, especially given the prosecution's presentation of two video taped interviews in which Hill confesses to hitting Henderson, raping Henderson vaginally and anally, and stealing money from Henderson's purse. The prosecution also presented numerous photographs of Henderson's bruises. Further, Officer Sarchet testified that the first time he was at the Henderson home that evening he did not notice any injuries to Henderson. Since the first, second, and third prongs of the Petro test have not been met, Hill's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II THE SENTENCE OF THE TRIAL COURT IS CONTRARY TO LAW. {¶ 20} In his second assignment of error, Hill argues that the adult portion of his sentence is contrary to law since the trial court could not make the factual findings to impose more than the minimum sentence. Hill further argues, in a supplemental brief, that under the Ohio Supreme Court's recent decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, this case must be remanded to the trial court for a new sentencing hearing.
 {¶ 21} In Foster, the Ohio Supreme Court held portions of Ohio's sentencing framework unconstitutional. Id. Specifically, the Ohio Supreme Court held R.C. 2929.14(B) and 2929.14(E)(4) unconstitutional. Id. at paragraphs one and three of the syllabus. Since Hill was sentenced to more than the minimum and consecutive sentences under statutes found unconstitutional by the Ohio Supreme Court, we must vacate the sentence and remand this case to the trial court for further proceedings consistent with Foster. See Id. at ¶¶ 103-104.
 {¶ 22} The judgment of the Allen County Common Pleas Court, Juvenile Division, denying Hill's motion for a new trial is affirmed; however, pursuant to Foster, we vacate Hill's sentence and remand the matter for further proceedings consistent with Foster.
 Judgment Affirmed in Part, Sentence Vacated and CauseRemanded.
 Bryant, P.J., and Shaw, J., concur.