DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Troy Johnson, *Page 2 
guilty of possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(e), a felony of the first degree, and trafficking in cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(f), a felony of the first degree, and sentenced appellant to serve a term of three years in prison on each count, to be served concurrently.
 {¶ 2} At trial, the following relevant evidence was adduced. Daylene Scott and Daniel Weil lived together at 5348 Telegraph Road, apartment number two, Toledo, Lucas County, Ohio. Scott set up a drug sale, for half a kilogram of cocaine, to occur between Weil and Lee Reditt, a person known only to Scott. Reditt informed the police of this drug sale, causing Scott's apartment to be under police surveillance on July 6, 2004, the date of this incident.
 {¶ 3} Scott testified that appellant was Weil's only access to the 500 grams of cocaine needed for the sale. According to Scott, on July 6, 2004, appellant entered Scott's apartment holding an article of clothing, which she thought was a red t-shirt or a sweatshirt, and a paper bag containing cocaine. The cocaine was placed on her kitchen table, whereupon Weil removed some of the cocaine into a separate plastic bag, which was eventually recovered by the police from Scott's table and found to contain 28.39 grams of powder cocaine. Scott went to her bedroom for a few minutes and, upon her return to the living room, she heard appellant trying to talk Weil out of leaving the apartment with the cocaine because appellant was "not comfortable." She testified that Weil stuck the paper bag down the front of his pants and exited the apartment. When Weil reached the parking lot, Scott saw Weil swarmed by SED ("Special Enforcement Division") officers. She and appellant ran out the back door of the apartment; however, *Page 3 
Scott was soon arrested after gaining entry to a neighbor's home. Appellant turned himself into the police within a few days of the incident.
 {¶ 4} On cross-examination, Scott testified that the sweatshirt in evidence did not belong to Weil. However, Scott also testified that she could not identify the sweatshirt as the specific article of clothing that was brought into her apartment by appellant because it was never opened up in the apartment. Scott also testified that she previously had been swimming at appellant's house, but did not remember a red towel. On redirect, Scott testified that she had never seen the sweatshirt in her home before, never saw Weil wear it, and only saw the sweatshirt for the first time when appellant came to her home.
 {¶ 5} Detective Michael Awls testified that he had 5348 Telegraph Road under surveillance on July 6, 2004, because Reditt had informed Awls of a potential drug sale to occur at that address. At approximately 1:55 p.m., Awls saw appellant drive into a Sunoco gas station near the Telegraph Road apartment. Awls stated that Weil exited the apartment and got into appellant's vehicle at the Sunoco station. Appellant then drove to the apartment's parking lot and parked. Appellant and Weil exited the vehicle. Awls testified that, through powerful binoculars, he saw appellant carrying a shirt with both hands, clutched to his chest, at about waist height. Awls testified that Weil was not carrying anything. At approximately 2:10 p.m., Weil exited the apartment and approached Reditt's vehicle. After speaking with Reditt for a couple of minutes, Weil returned to the apartment. Within a minute, Weil returned to the parking lot and approached Reditt's vehicle. Awls testified that Weil was carrying the same shirt that had been carried into the apartment by appellant. According to Awls, Weil was also carrying *Page 4 
the shirt in the same manner that appellant had carried it when entering the apartment. Weil was swarmed by officers and placed the shirt on the trunk of Reditt's vehicle. The shirt was discovered to be a red and blue Tommy Hilfiger zip up sweatshirt that was wrapped around a paper bag that contained 497 grams of powder cocaine in a plastic bag. Awls testified that no red and/or blue towel was recovered from the scene, but other items were recovered, such as, a digital scale, a plastic bag containing 28.39 grams of cocaine, a spoon with possible drug residue, a small bag of marijuana, a TASER, acetone, inositol, and various pills, such as vicodin and oxycodone.
 {¶ 6} Detective Laurie Renz testified that she secured the sweatshirt, containing the cocaine, that Weil had brought out of the apartment. Renz testified that she searched the apartment and found some of the items listed on the inventory. Although she did not notice a red and/or blue towel in the apartment, she stated on cross-examination that her focus was on finding drugs.
 {¶ 7} On December 5, 2005, appellant filed a motion for new trial, pursuant to Crim.R. 33(A)(6), based upon newly discovered evidence. Specifically, appellant argued that he was unaware of the following information, as attested to by Weil:
 {¶ 8} "During the second day of trial I was looking for my attorney at the Courthouse and Detective Mike Awls, who was the investigating detective, approached me. Detective Awls stated, `I don't know what you're going to say. I need to know that you saw Troy bring drugs over in a shirt.' I immediately told Detective Awls `he (Troy) didn't bring over a shirt'. I continued and stated, `the shirt he was talking about was my shirt'. I told him `if he wanted me to get up there and tell the truth then I would have to *Page 5 
say that the shirt he was talking about belonged to me'. `The red and blue shirt was bought for me by my kids as a Christmas gift.' Detective Awls began to argue with me about it. He was insisting that Troy had brought drugs over in a red and blue shirt. I was telling him that was not true. I had brought the drugs out of the house in the red and blue shirt, but Troy did not bring a shirt into the house."
 {¶ 9} Appellant's motion for new trial also contained affidavits from Rubye Johnson, appellant's sister, and Troy R. Johnson, Sr., appellant's father. The additional affidavits each stated that Weil told them about the conversation he had with Awls, and that Weil indicated the sweatshirt belonged to him. Neither affiant, however, had firsthand knowledge of the conversation between Weil and Awls concerning Weil's potential testimony.
 {¶ 10} On January 5, 2006, prior to sentencing, the trial court considered appellant's motion for new trial. The state argued that the evidence was not "newly discovered" and did not warrant the granting of a new trial because the defense could have ascertained Weil's knowledge regarding the sweatshirt prior to trial. The state also argued that it is immaterial whether appellant brought the cocaine into the apartment wrapped in a sweatshirt or a towel, as the manner of conveyance is not an element of the charge. The state further argued that because Weil's affidavit never stated that appellant did not bring the drugs into the house, but only challenged whether appellant carried in the sweatshirt, Weil's testimony would not exonerate appellant, but would merely impeach or contradict the other evidence presented during trial. As such, the state argued that, even with Weil's testimony, there was not a strong probability that there would be a *Page 6 
change in the outcome of the trial if a new trial was granted, and that appellant failed to satisfy the necessary requirements for a new trial.
 {¶ 11} Appellant's counsel argued to the trial court that the evidence could not have been discovered by the defense prior to trial because, when defense questioned Weil, Weil indicated that he was drunk at the time of the incident and could not remember anything. Counsel also argued that the additional evidence would be exculpatory and that testimony from Weil's children, that they gave Weil the shirt as a gift, would have materially affected the outcome of this case.
 {¶ 12} In denying appellant's motion for new trial, the trial court held that Weil was available to testify and, therefore, the information contained in his affidavit was discoverable prior to trial. The trial court also held that whether the children gave Weil the shirt as a gift "may or may not have been relevant." The court noted that the issue of whether appellant carried in a towel or a shirt was thoroughly covered during cross-examinations and, therefore, the issue was presented to the jury for its consideration.
 {¶ 13} On appeal, appellant raises the following assignments of error:
 {¶ 14} "Assignment of Error No. 1:
 {¶ 15} "The trial court abused its discretion when it denied Mr. Johnson's motion for new trial based upon newly discovered evidence.
 {¶ 16} "Assignment of Error No. 2:
 {¶ 17} "The state of Ohio violated Mr. Johnson's due process rights when it failed to disclose exculpatory evidence." *Page 7 
 {¶ 18} A new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). "The decision to grant or deny a motion for a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court and, absent an abuse of discretion, that decision will not be disturbed." State v. Hawkins (1993), 66 Ohio St.3d 339, 350, citingState v. Williams (1975), 43 Ohio St.2d 88, paragraph two of the syllabus. In order to warrant the granting of a motion for new trial in a criminal case, the newly discovered evidence must satisfy the following elements:
 {¶ 19} "(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." (Citation omitted.)State v. Petro (1947), 148 Ohio St. 505, syllabus.
 {¶ 20} A trial court has not abused its discretion in denying a motion for new trial if the newly discovered evidence, forming the basis for the motion, fails to satisfy these standards. State v. LaMar,95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 85.
 {¶ 21} In this case, it is clear that appellant's counsel did not discover until after the conclusion of the trial that Weil was willing to testify that appellant did not bring the sweatshirt into the apartment, and that the sweatshirt belonged to Weil and was a gift from his children. We will also assume, for the sake of argument, that appellant could *Page 8 
not have discovered this information before trial. We, however, find that appellant has failed to satisfy the remaining requirements necessary for a court to award a new trial.
 {¶ 22} Weil only stated in his affidavit that the sweatshirt belonged to him and that appellant did not bring the shirt into the house. Weil, however, never stated that appellant did not bring the cocaine into the apartment. Whether appellant brought the cocaine in a rolled up towel or sweatshirt is not relevant because it is not probative of the issue of whether appellant brought the cocaine into the apartment. If Awls' testimony was the only evidence connecting appellant to the cocaine, then, potentially, Weil's testimony would have some probative value; however, Awls' testimony was not the sole evidence concerning appellant's connection to the cocaine. Scott testified that appellant brought the cocaine into the apartment, wrapped in a red article of clothing. She had never seen the shirt before and knew that the cocaine was brought in by appellant because it was not there until he arrived with it.
 {¶ 23} Although testimony regarding the ownership of the sweatshirt would not be merely cumulative to former evidence, because the jury heard no evidence concerning the ownership of the sweatshirt, we find that Weil's testimony would merely impeach or contradict the evidence presented. For example, Awls testified that appellant carried the sweatshirt into the apartment, but Weil would have testified that appellant did not carry it into the apartment. Scott testified that the sweatshirt did not belong to Weil and that she had never seen it before, but Weil would have testified that the shirt was his and had been given to him by his children. Again, whether or not the shirt was owned by Weil, or carried into the apartment by appellant, is not decisive of whether appellant brought 500 grams *Page 9 
of cocaine into Scott's apartment to be sold to a third party. As such, we find that appellant failed to establish that, if Weil's evidence had been submitted to the jury, there was a strong probability that it would have changed the result of appellant's trial.
 {¶ 24} Accordingly, we find that the trial court did not abuse its discretion in denying appellant's motion for a new trial. Appellant's first assignment of error is therefore found not well-taken.
 {¶ 25} Appellant argues in his second assignment of error that the state violated his rights to due process by failing to reveal the information Weil had regarding the ownership of the sweatshirt. We disagree.
 {¶ 26} Failure to disclose evidence favorable to an accused violates due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." State v. Johnston (1988), 39 Ohio St.3d 48, paragraph four of the syllabus, citing Brady v. Maryland (1963), 373 U.S. 83, 87. Evidence is "material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at paragraph five of the syllabus, citing United States v. Bagley (1985), 473 U.S. 667, 682. "A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. The defense bears the burden of proving that the state suppressed material, exculpatory evidence. State v.Jackson (1991), 57 Ohio St.3d 29, 33.
 {¶ 27} Assuming arguendo that the state should have revealed the conversation between Awls and Weil, concerning the ownership of the sweatshirt and whether Weil believed appellant brought the sweatshirt into the apartment, we nevertheless find that, *Page 10 
based on our discussion above, the information allegedly withheld from the defense was not exculpatory and there was not a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 28} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1