[Cite as *State v. Legha*, 2024-Ohio-3431.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| SAMRAT LEGHA | : | Case No. 24-CA-08 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Municipal Court,
Case No. 21-CRB-1475


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      September 6, 2024


APPEARANCES:

For Plaintiff-Appellee

JOSEPH M. SABO
136 West Main Street
P.O. Box 1008
Lancaster, OH  43130

For Defendant-Appellant

W. JOSEPH EDWARDS
511 South High Street
Columbus, OH  43215

*King, J.*

{¶ 1} Defendant-appellant, Samrat Legha, appeals the February 21, 2024 entry of the Municipal Court of Fairfield County, Ohio, denying his motion for leave to file a motion for new trial without holding a hearing. Plaintiff-appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 13, 2021, Legha was charged with two counts of domestic violence in violation of R.C. 2919.25 and one count of assault in violation of R.C. 2903.13. The charges arose from an incident involving Legha and his wife.

{¶ 3} A bench trial was held on January 7, 2022. During the trial, the trial court heard from the wife, her eleven-year-old child, and the three responding law enforcement officers. Body cam footage was admitted. According to Legha, wife was inconsistent on the stand; she testified that although she did make the statements to the police about Legha's actions on the body cam footage, the footage was not an accurate depiction of the events as she was not in the right state of mind when she made the statements. *See* Appellant's Brief, Statement of the Facts, at 1-2.

{¶ 4} By verdict and entry filed February 16, 2022, the trial court found Legha guilty as charged. By final judgment entry filed February 25, 2022, the trial court sentenced Legha to 210 days in jail, 208 days suspended, issued two days of jail time credit, and ordered two years of nonreporting probation.

{¶ 5} On February 6, 2024, Legha filed a motion for leave to file a motion for new trial based on newly discovered evidence. In an attached affidavit dated November 16, 2023, Legha claimed during a marriage counseling session, his wife admitted she

fabricated the allegations against him.  By entry filed February 21, 2024, the trial court denied the motion.

{¶ 6}   Legha filed an appeal with the following assignment of error:

I

{¶ 7}   "THE TRIAL COURT ERRED WHEN IT DID NOT ALLOW A HEARING ON DEFENDANT-APPELLANT'S MOTION FOR A NEW TRIAL AND CAUSED A MANIFEST INJUSTICE FOR THE DEFENDANT-APPELLANT."

I

{¶ 8}   In his sole assignment of error, Legha claims the trial court erred in denying his motion without holding a hearing.  We disagree.

{¶ 9}   A trial court's decision on a motion for leave to file a motion for new trial rests in the trial court's sound discretion.  *State v. Williams,* 43 Ohio St.2d 88 (1975), paragraph two of the syllabus.  A trial court's decision on whether to hold a hearing on the motion is also reviewed under an abuse of discretion standard.  *State v. Sutton,* 2016-Ohio-7612, ¶ 24 (8th Dist.).  "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable.  *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985).  Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.  *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990).  An unreasonable decision is one backed by no sound reasoning process which would support that decision.  *Id.*  "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result."  *Id.*

{¶ 10} In his motion, Legha argued "newly discovered evidence" under Crim.R. 33(A)(6).  Crim.R. 33(B) states in part:

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived.  If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 12} In addition to showing an unavoidable delay in discovering the evidence, a petitioner must also show that they filed their motion for leave within a reasonable time after discovering the evidence.  *State v. Gray,* 2010-Ohio-11, ¶ 18 (8th Dist.).  Whether a delay is reasonable depends on the facts and circumstances surrounding the case and whether the petitioner has an adequate explanation for the delay.  *Id.*

{¶ 13} Further, as held by the Supreme Court of Ohio in *State v. Petro,* 148 Ohio St. 505 (1947), syllabus:

To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

{¶ 14} In denying Legha's motion, the trial court determined the motion was untimely as it was filed almost two years after the trial court's decision, well over 120 days. *See* Entry filed February 21, 2024. In analyzing whether there was an unavoidable delay in discovering the evidence, the trial court found, by clear and convincing evidence, that Legha failed to meet his burden of establishing that "the alleged new evidence was undiscoverable by reasonable diligence within one hundred twenty (120) days, or that he was unavoidably prevented from filing a timely motion for a new trial." The trial court found the wife's "recantation" was not newly discovered evidence; during the bench trial, she recanted her statements made to law enforcement at the time of the incident. The trial court noted Legha cross-examined his wife on her inconsistent statements; Legha was well aware of this evidence before and during the trial. The trial court concluded Legha did not have any new evidence to present. We agree with the trial court's analysis.

{¶ 15} In support of his motion, Legha submitted his own affidavit where he stated he and his wife attended marriage counseling sessions. He averred the following at ¶ 8:

"During our counseling sessions, my wife, [K.L.], admitted to the therapist that the entire allegation of domestic violence against me was fabricated. [K.L.] also told the therapist that any injury that she sustained was the result of her own actions. Essentially, she acknowledged that I was innocent of all charges." The affidavit is dated November 16, 2023, yet the motion for leave to file a motion for new trial was not filed until February 6, 2024, without any explanation for the delay. Neither the motion nor the affidavit mentions when the wife made these statements. Regardless, during the bench trial, the wife's testimony was inconsistent and she attempted to explain away the statements she made on the body cam footage. The trial court heard this testimony, plus the testimony of the wife's child and the three responding officers, and found Legha guilty. Any evidence of "recantation" was already before the trial court during the actual trial and the trial court chose to believe or disbelieve parts of the wife's testimony which it has the right to do. *State v. Antill,* 176 Ohio St. 61, 67 (1964) (a fact finder may believe all, part, or none of a witness's testimony). Legha's motion and affidavit does not meet the criteria set forth in *Petro* cited above. The "new evidence" was merely cumulative to the former evidence and did not disclose a strong probability that it would change the result if a new trial was granted.

{¶ 16} Upon review, we find the trial court did not abuse its discretion in denying Legha's motion without hearing.

{¶ 17} The sole assignment of error is denied.

{¶ 18} The judgment of the Municipal Court of Fairfield County, Ohio is hereby affirmed.

By King, J.

Delaney, P.J. and

Gwin, J. concur.