[Cite as *State v. Smith*, 2021-Ohio-2952.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190714 |
| | | TRIAL NO. B-1507289-A |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| KENT SMITH, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 27, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Kent Smith,* pro se.

**HENDON, Judge.**

{¶1} Defendant-appellant Kent Smith appeals the Hamilton County Common Pleas Court's judgment denying his petition under R.C. 2953.21 et seq. for postconviction relief. Because the common pleas court had no jurisdiction to entertain his late postconviction petition, we affirm the court's judgment.

## I.       Procedural Posture

{¶2} Smith was tried before a jury on eight felony counts charged in the case numbered B-1507289-A and eleven felony counts charged in the case numbered B-1601998. He was convicted on two counts of aggravated robbery, two counts of aggravated burglary, four counts of burglary, one count of felonious assault, and four counts of having a weapon while under a disability.

{¶3} In his direct appeal, this court affirmed the trial court's judgment in part, reversed it in part, and remanded the matter to the trial court to conduct a new sentencing hearing. We found no error in the guilty verdicts, nor did we find that Smith's counsel had provided ineffective assistance. *State v. Smith,* 1st Dist. Hamilton No. C-180151, 2019-Ohio-5264, ¶ 109.

{¶4} Smith also filed a pro se "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" pursuant to R.C. 2953.21 and Crim.R. 35, arguing that he received ineffective assistance of counsel. The common pleas court denied the petition. This appeal followed.[1]

{¶5} On appeal, Smith presents a single assignment of error that essentially restates his postconviction claim. Therefore, the assignment of error can fairly be

---

[1] Although the postconviction petition was filed and denied under both trial numbers, the notice of appeal was only filed in the case numbered B-1507289-A.

read to challenge the common pleas court's denial of his postconviction petition. We conclude that the petition was subject to dismissal for lack of jurisdiction.

## II.     No Jurisdiction to Entertain the Petition

{¶6}     R.C. 2953.21(A)(2) provides that a postconviction petition must be filed within 365 days from the filing of the transcript of the proceedings in his direct appeal. As provided by R.C. 2953.23(A)(1)(a) and (b), an untimely filed postconviction petition may be entertained by the common pleas court only if the petitioner shows either that the petitioner was unavoidably prevented from discovering the facts upon which the postconviction claim depends, or that the claim is predicated upon a new and retrospectively applicable right recognized by the United States Supreme Court since the time for filing the petition had expired, and shows "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

{¶7}     Smith was incarcerated when he filed his postconviction petition. The record shows that the transcript of the proceedings was filed with this court on September 27, 2018.  The deadline to file the postconviction petition was September 27, 2019, which was a Friday.  Smith's petition was timestamped on September 30, 2019, which was a Monday.

{¶8}     The state contends that the trial court properly denied the petition because it was not timely filed.  Smith responds that because a "three-day time period is logically the presumed time for mail from London, Ohio to reach Cincinnati, Ohio, it is within reason that the Hamilton County Clerk received [his] brief timely on September 27, 2019 but failed to file it timely."

{¶9} In *State v. Smith*, 1st Dist. Hamilton No. C-190162, 2020-Ohio-1370, the appellant asserted that his postconviction petition had satisfied the R.C. 2953.21(A)(2) time restrictions, because he had timely delivered the petition to the prison mailroom. This court held that "a prison-mailbox rule does not operate in this state." *Id.* at ¶ 11. Therefore, for purposes of R.C. 2953.21(A)(2), a postconviction petition is filed when it is filed with the clerk of courts, not when it is placed in the prison mailing system. *Id.* Accordingly, Smith's petition was not timely filed.

{¶10} Also, Smith did not satisfy the jurisdictional requirements for entertaining a late postconviction petition. He did not show that he was unavoidably prevented from discovering the facts upon which his postconviction claim depended. And he did not show that but for his trial counsel's ineffectiveness, no reasonable factfinder would have found him guilty.

### III. Conclusion

{¶11} Notwithstanding the fact that Smith's postconviction petition was filed one day late, the statute requires strict adherence to filing deadlines in postconviction claims. There is no "prison mailbox" exception to this. Therefore, the common pleas court did not have jurisdiction to entertain the petition, as none of the exceptions provided by R.C. 2953.23 applied. And the court did not err in dismissing the postconviction claim without a hearing. Smith's sole assignment of error is overruled and the trial court's judgment is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

SYLVIA SIEVE HENDON, retired, from the First Appellate District, sitting by assignment.

4

Please note:

The court has recorded its entry on the date of the release of this opinion