[Cite as *State v. Ojile*, 2021-Ohio-2955.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200340 |
| | | TRIAL NO. B-1007149-C |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| UGBE OJILE, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 27, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Olawale Law Firm, LLC*, and *Emmanuel Olawale*, for Defendant-Appellant.

**Воск, Judge.**

{¶1}    Defendant-appellant Ugbe Ojile appeals the trial court's September 2020 judgment denying all of his then-pending motions. We reverse the part of the judgment denying Ojile's 2020 motion for leave to move for a new trial because Ojile was unavoidably prevented from timely discovering and presenting the evidence upon which his new-trial motion depended.

{¶2}    In 2010, Ojile, Kenyatta Erkins, and Amy Hoover were charged with multiple counts of aggravated robbery, robbery, conspiracy to commit aggravated robbery, and complicity to robbery. They were accused of robbing various individuals after following them home from Indiana casinos. The trial court tried Ojile and Erkins together. Hoover accepted a plea offer from the state in exchange for her testimony at their trial.

{¶3}    Tyrone Tanks, a jailhouse informant incarcerated with Ojile, testified at trial. According to Tanks, Ojile had confessed to his involvement in the robberies of Daniel Duncan, Tien Dao, and Michael Weisbrod. Following this court's decisions on direct appeal and on appeal from the denial of his 2016 postconviction petition, Ojile stood convicted on three counts of aggravated robbery, five counts of complicity, and single counts of conspiracy and robbery. *See State v. Ojile*, 1st Dist. Hamilton Nos. C-110677 and C-110678, 2012-Ohio-6015, *appeal not accepted*, 135 Ohio St.3d 1414, 2013-Ohio-1622, 986 N.E.2d 30; *State v. Ojile*, 1st Dist. Hamilton No. C-160425, 2017-Ohio-9319.

{¶4}    Ojile also sought relief from his convictions under Crim.R. 33. In 2011, acting pro se, he filed a presentence motion for a new trial alleging prosecutorial misconduct—he asserted that the state suborned "perjured" testimony from

2

jailhouse-informant Tanks and elicited "incorrect and misleading" testimony from Hoover. In 2018, Ojile moved for leave to file a motion for a new trial based on newly-discovered evidence. He supported that motion with codefendant Erkins's 2013 affidavit, which exonerated him in the robbery of Daniel Duncan.

{¶5}   In January 2020, Ojile again moved for leave to file a motion for a new trial based on newly-discovered evidence. That motion was supported by three affidavits. First, in a December 2019 affidavit, Erkins implicated himself and attested to Ojile's innocence in the Duncan, Dao, and Kiran Racherla robberies. Second, in an August 2018 affidavit, Tanks recanted his trial testimony implicating Ojile in the Duncan, Dao, and Weisbrod robberies. Finally, in a December 2019 affidavit, Ojile detailed his efforts to obtain the Erkins and Tanks affidavits.

{¶6}   In March 2020, Ojile filed an "Amended Motion for New Trial Pursuant to Crim.R. 33(A)(1) (Relating Back to Motion for New Trial filed on August 15, 2011)." He alleged in that motion that he had been denied his constitutional rights to the effective assistance of trial counsel and to confront his accusers. And he asserted that he was not required to seek leave to "amend[]" his timely-filed 2011 motion for a new trial because the state had never responded to, and the trial court had never ruled on, the 2011 motion.

{¶7}   In September 2020, the trial court denied all "pending" motions. In this appeal from that judgment, Ojile advances two assignments of error.

*"Amended Motion for New Trial Pursuant to Crim.R. 33(A)(1)*

*(Relating Back to Motion for New Trial filed on August 15, 2011)"*

{¶8}   In his first assignment of error, Ojile contends that the trial court abused its discretion in denying his 2020 "Amended Motion for New Trial Pursuant

to Crim.R. 33(A)(1) (Relating Back to Motion for New Trial filed on August 15, 2011)." This challenge is untenable.

{¶9} Ojile's 2020 "relating back" motion purportedly amended his 2011 pro se presentence motion for a new trial. But when he filed his pro se motion, he was represented by counsel. And his trial counsel did not join in or otherwise indicate support for the motion. A criminal defendant has no right to a "hybrid" form of representation in which he is represented by counsel, but acts simultaneously as his own counsel. *See State v. Smith*, 2017-Ohio-8558, 99 N.E.3d 1230, ¶ 30-32 (1st Dist.), citing *State v. Thompson,* 33 Ohio St.3d 1, 7, 514 N.E.2d 407 (1987). Therefore, Ojile had no right to file his pro se new-trial motion and the trial court was not required to entertain it. Therefore, the trial court did not abuse its discretion in declining Ojile's request in his 2020 motion to amend his pro se motion.

{¶10} Nor was the trial court required to entertain the 2020 "Amended Motion for New Trial" as a motion for a new trial under Crim.R. 33(A)(1). The motion was not timely filed and Ojile did not move for leave to file the motion out of time. *See* Crim.R. 33(B).

{¶11} Therefore, we overrule the first assignment of error.

*Crim.R. 33(B) Motion for Leave to File a Motion for a New Trial*

{¶12} In his second assignment of error, Ojile contends that the trial court erred in denying his 2020 motion for leave to file a motion for a new trial. We agree.

{¶13} A new trial may be granted under Crim.R. 33(A)(6) on the ground that "new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at trial." A Crim.R. 33(A)(6) motion for a new trial on the ground of newly-discovered evidence must be filed

4

either within 120 days of the return of the verdict or within seven days after leave to file a new-trial motion has been granted. Crim.R. 33(B).

{¶14} But Crim.R. 33(B) provides an exception to the 120-day time limit to file a Crim.R. 33(A)(6) motion for a new trial based on newly-discovered evidence. A trial court may grant such a motion upon "clear and convincing proof" that the movant had been "unavoidably prevented" from discovering the evidence upon which his proposed new-trial motion depended. *See State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990); *State v. Carusone*, 1st Dist. Hamilton No. C-130003, 2013-Ohio-5034, ¶ 32.

{¶15} To show unavoidable prevention, movants must prove that, within 120 days of the return of the verdict, they 1.) did not know that the proposed ground for a new trial existed, and 2.) in the exercise of reasonable diligence, could not have learned of its existence. *State v. Mathis,* 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999), *rev'd in part on other grounds*, *State v. Condon*, 157 Ohio App.3d 26, 2004-Ohio-2031, 808 N.E.2d 912, ¶ 20 (1st Dist.). A movant must adequately demonstrate that any delay in moving for leave after the new-trial ground is discovered was reasonable under the circumstances. *State v. Thomas*, 2017-Ohio-4403, 93 N.E.3d 227, ¶ 9 (1st Dist.). A trial court's decision on a Crim.R. 33(B) motion for leave may not be overturned on appeal if it was supported by some competent and credible evidence. *Schiebel* at 74; *Mathis* at 79.

{¶16} Ojile supported his motion for leave to file a motion for a new trial with affidavits from Tanks, Erkins, and Ojile. Tanks averred that as part of his plea agreement with federal prosecutors, he had agreed to falsely testify to Ojile's "confess[ion]" to the Duncan, Dao, and Weisbrod robberies. Further, he stated that

5

he was recanting that testimony because "after years of reflection in prison, I have decided to be a better person and to hold myself accountable for my past actions."

{¶17} In his affidavit, Erkins averred that immediately following their convictions, Ojile had questioned him about his involvement in the robberies. Erkins resisted Ojile's "constant[]" entreaties until October 2013, when he provided an affidavit admitting that he alone had committed the Duncan robbery. Ultimately, Erkins's need to "clear his conscience" compelled him to provide his December 2019 affidavit admitting to, and exonerating Ojile in, the Duncan, Racherla, and Dao robberies.

{¶18} Finally, in his affidavit, Ojile attributed his delay in moving for a new trial to "the process of getting Erkins and Tanks to finally come forward with the entire truth." Beginning in October 2011, when he arrived at prison, Ojile tried to contact both Erkins and Tanks. Erkins denied committing any offense until October 2013, when he made an affidavit admitting to the Duncan robbery. Ojile provided that affidavit to the Ohio Public Defender. The public defender offered Erkins's 2013 affidavit in support of Ojile's 2016 postconviction petition, which ultimately resulted in his acquittal in April 2018 of the first Weisbrod robbery. Ojile then decided to move for a new trial on the ground that Erkins's 2013 affidavit constituted newly-discovered evidence demonstrating his actual innocence in the Duncan robbery. In August 2018, Tanks provided his affidavit recanting his trial testimony. Ojile's continuing efforts to persuade Erkins to provide a "more detailed affidavit" were finally rewarded in December 2019. And in January 2020, Ojile filed his Crim.R. 33(B) motion for leave to file a motion for a new trial based on those affidavits.

**{¶19}** Thus, the record does not support the trial court's decision denying leave to move for a new trial. To the contrary, the motion for leave, with its supporting evidence, provided clear and convincing evidence that Ojile had been unavoidably prevented from timely presenting in a new-trial motion the evidence upon which his new-trial motion depended. And Ojile adequately explained and demonstrated that the delay in moving for a new trial based on that evidence was reasonable under the circumstances.

**{¶20}** We hold that the trial court erred in denying Ojile's 2020 Crim.R. 33(B) motion for leave to move for a new trial. Accordingly, we sustain the second assignment of error.

*Reversed in Part and Remanded*

**{¶21}** Upon our determination that the trial court erred in denying Ojile's 2020 Crim.R. 33(B) motion for leave to move for a new trial, we reverse that part of the judgment appealed and remand for further proceedings consistent with the law and this opinion. In all other respects, we affirm the court's judgment.

Affirmed in part and reversed in part, and cause remanded.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has placed of record its own entry in this case on the date of the release of this opinion.