[Cite as *State v. Smith*, 2021-Ohio-4388.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210235 |
| | | TRIAL NOS. B-1601998 |
| Plaintiff-Appellee, | : | B-1507289-A |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| KENT SMITH, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 15, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Kent Smith*, pro se.

**CROUSE, Judge**.

{¶1} Defendant-appellant Kent Smith appeals the Hamilton County Common Pleas Court's judgment denying his Crim.R. 33 motion for a new trial. We affirm the court's judgment, because Smith did not seek leave to file the motion out of time, and the record shows that leave was not warranted.

*Procedural Posture*

{¶2} Smith and Michelle Brown were charged with multiple felonies in two indictments in connection with a string of burglaries, robberies, and assaults in December 2015. Prior to trial, Smith's appointed counsel moved for, and the trial court ordered, the appointment of DNA Diagnostics Center ("DDC") to provide expert assistance concerning DNA-testing of a handgun recovered in a search of Brown's backyard and a burglary victim's assault rifle recovered in a search of Smith's residence.

{¶3} New counsel was appointed for trial. Smith was found guilty by a jury in February 2018 and sentenced a month later. Following our decision in the direct appeal, he stood convicted on two counts of aggravated robbery, one count of aggravated burglary, three counts of burglary, one count of felonious assault, and four counts of having weapons while under a disability. *See State v. Smith*, 1st Dist. Hamilton No. C-180151, 2019-Ohio-5264, *appeals not accepted*, 158 Ohio St.3d 1436, 2020-Ohio-877, 141 N.E.3d 251.

{¶4} After his verdicts were returned, but before sentencing, Smith filed a pro se motion for a new trial. In that motion, he alleged prosecutorial misconduct in denying him "[his] rebuttal expert witness and D.N.A. test results," allowing the jury to see him in handcuffs, and failing to disclose in discovery evidence impeaching Brown's credibility.

{¶5} Six months later, Smith filed a "Supplement to Pending Motion for New Trial," with the stated purpose of providing "clarity" concerning the assertions

of his presentence new-trial motion. In that "Supplement," Smith challenged the state's DNA-test results showing him as the source of DNA found on swabs taken from the handgun and assault rifle. He asserted that law enforcement had used false and perjured documents to get his DNA and had improperly submitted the swabs instead of the guns for DNA testing.

{¶6} A year later, Smith first raised the matter of his trial counsel's effectiveness concerning DNA-testing of the guns. In his petition under R.C. 2953.21 et seq., he sought postconviction relief on the grounds that he had been denied his constitutional rights to due process, compulsory process, and the effective assistance of counsel, because his trial counsel failed to submit the guns for testing by DDC and then lied to the court about her efforts to do so. The common pleas court denied the petition, and we affirmed, because Smith did not satisfy the statutory requirements for filing a postconviction petition out of time. *State v. Smith*, 1st Dist. Hamilton No. C-190714, 2021-Ohio-2952.

{¶7} In December 2020, Smith filed the motion from which this appeal derives. In that motion, captioned "Amended Motion for New Trial," Smith sought a new trial under Crim.R. 33(A)(1), (3), (5) and (6), on essentially the same grounds advanced in his postconviction petition. He asserted that his trial counsel had been ineffective, and that he had been denied his right to compulsory process, when counsel neglected to adequately review his case to discover that previous appointed counsel had not sent the guns to DDC for DNA testing. And he asserted that he had been denied a fair trial, because the state's expert's DNA testimony was left unchallenged, and he was compelled to testify, when trial counsel misled him and the court about her efforts to secure DNA testing of the weapons by DDC and an analysis by DDC of the state's DNA-testing results.

{¶8} Smith's 2020 motion was supported by outside evidence in the form of correspondence from March 7 to May 24, 2018, between Smith and the Hamilton

3

County Public Defender's Office and between the public defender's office and DDC. On March 7, Smith sent a request to the public defender's office for trial counsel to file a motion for a new trial on the grounds that the trial court did not rule on his pro se pretrial motion to suppress and the jury saw him in handcuffs. On April 20, the public defender's office responded with a letter advising Smith that DDC had not produced a DNA report and offering the opinion that trial counsel had been "ineffective" in not following up on first appointed counsel's request for DDC to do so. And on May 24, DDC sent the public defender's office a letter memorializing the inquiries made to DDC in Smith's case by first and second appointed counsel and by Smith's father. In that letter, DDC confirmed that first appointed counsel had requested case-review services, but not a consult, that no report or other work product had been produced, that Smith's father had been told in March 2018 that DDC could discuss the case and work only with counsel, and that second appointed counsel had left a message on her first attempt at contacting DDC and had not thereafter returned DDC's calls.

{¶9}   In this appeal from the common pleas court's "Entry Overruling Motion for New Trial," Smith presents two assignments of error that may fairly be read together to challenge the denial of a new trial without a hearing. We find no merit to that challenge.

*Leave Not Sought or Warranted*

{¶10}   A new trial may be granted under Crim.R. 33(A) on the ground of newly discovered evidence, accident or surprise, an error of law, or an irregularity or abuse of discretion that prevented a fair trial. Crim.R. 33(A)(1), (A)(3), (A)(5), and (A)(6). A motion for a new trial is directed to the sound discretion of the trial court, and the court's decision will not be reversed on appeal unless the court abused that discretion. *See State v. Williams*, 43 Ohio St.2d 88, 330 N.E.2d 891 (1975), paragraph two of the syllabus.

{¶11} A Crim.R. 33(A)(6) motion for a new trial on the ground of newly discovered evidence must be filed either within 120 days of the return of the verdicts or within seven days after leave to file a new-trial motion has been granted. A motion for a new trial on grounds other than newly discovered evidence must be filed either within 14 days of the return of the verdict or within seven days after the granting of leave. Leave to file a Crim.R. 33(A)(6) motion out of time may be granted only upon clear and convincing proof that the movant had been unavoidably prevented from timely discovering the evidence upon which the motion relies. Leave to move for a new trial on grounds other than newly discovered evidence may be granted only upon clear and convincing proof that the movant had been unavoidably prevented from timely filing a new-trial motion. *See* Crim.R. 33(B); *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990); *State v. Carusone*, 1st Dist. Hamilton No. C-130003, 2013-Ohio-5034, ¶ 32.

{¶12} Smith's verdicts were returned on February 20, 2018. Thus, he had until June 20 to move for a new trial based on newly discovered evidence and until March 6 to move for a new trial on other grounds. *See* Crim.R. 33(B).

{¶13} On March 15, 2018, Smith filed his pro se presentence motion for a new trial. The motion was not timely filed to the extent that it sought a new trial on grounds other than newly discovered evidence. Smith did not seek leave to move for a new trial out of time. Nor does the record show that, with respect to those grounds, leave was warranted.

{¶14} The 2018 motion was timely filed to the extent that it sought a new trial based on newly discovered evidence. But Smith filed the motion before he was sentenced and thus while he was represented by counsel. And his trial counsel did not join in the motion or otherwise indicate support for it. A criminal defendant has no right to a "hybrid" form of representation, during which he is represented by counsel, but acts simultaneously as his own counsel. *See State v. Smith*, 2017-Ohio-

5

8558, 99 N.E.3d 1230, ¶ 30-32 (1st Dist.), citing *State v. Thompson,* 33 Ohio St.3d 1, 7, 514 N.E.2d 407 (1987). Therefore, Smith had no right to file, "[s]upplement," or "[a]mend[]" his 2018 motion. And the trial court was not required to entertain the motion. *See State v. Ojile*, 1st Dist. Hamilton No. C-200340, 2021-Ohio-2955, ¶ 9.

{¶15} Nor was the common pleas court required to entertain Smith's 2020 "Amended Motion for New Trial" on the merits. Because his 2018 motion for a new trial was a legal nullity, the filing of his 2020 new-trial motion did not relate back to the filing of the 2018 motion. *See id.* Thus, the 2020 motion, filed almost three years after the return of the verdicts in his case, was filed well outside the time limits prescribed by Crim.R. 33(B). Smith did not seek leave to file the motion out of time. And the record does not show that he was unavoidably prevented from timely discovering the new evidence upon which his motion depended or from timely moving for a new trial on grounds other than newly discovered evidence. We, therefore, hold that the court did not abuse its discretion in denying a new trial on the grounds presented in the 2020 motion.

*We Affirm*

{¶16} The common pleas court properly declined to entertain Smith's 2018 motion for a new trial, because that motion was a legal nullity. And the court did not abuse its discretion in denying, without a hearing, the relief sought in his 2020 new-trial motion, when that motion was not timely filed, and leave to move for a new trial out of time was neither sought nor warranted. Accordingly, we overrule the assignments of error and affirm the judgment of the court below.

Judgment affirmed.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

6