[Cite as *State v. Smith*, 2022-Ohio-1291.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-210235 |
| | | TRIAL NOS. | B-1507289A |
| Plaintiff-Appellee, | : | | B-1601998 |
| vs. | : | | |
| KENT SMITH, | : | *O P I N I O N.* | |
| Defendant-Appellant. | : | | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 20, 2022

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Mary Stier,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Kent Smith,* pro se.

**CROUSE, Judge.**

**{¶1}** Defendant-appellant Kent Smith appeals the Hamilton County Common Pleas Court's judgment denying his Crim.R. 33 motion for a new trial. We affirm the court's judgment because Smith did not seek leave to move for a new trial out of time.

**{¶2}** This is a revised opinion. On January 5, 2022, Smith filed an application for reconsideration of our opinion and judgment entered on December 15, 2021. *See State v. Smith*, 1st Dist. Hamilton No. C-210235, 2021-Ohio-4388. In his application, he argued that we erred in holding that he filed his motion for a new trial prior to being sentenced and while he was represented by counsel. In our December 15, 2021 opinion, we held that Smith had no right to file his motion pro se, and therefore, his motion was a legal nullity. In an entry filed contemporaneously with this revised opinion, we granted Smith's application for reconsideration after further review of the record. We agreed that it was inaccurate and unfair to conclude that Smith's motion for a new trial was a legal nullity. Accordingly, we vacated our prior opinion of December 15, 2021, in its entirety. We now replace it with the following opinion.

### *Procedural Background*

**{¶3}** Smith and Michelle Brown were charged with multiple felonies in two indictments in connection with a string of burglaries, robberies, and assaults in December 2015. Prior to trial, Smith's appointed counsel moved for, and the trial court ordered, the appointment of DNA Diagnostics Center ("DDC") to provide expert assistance concerning DNA testing of a handgun recovered in a search of Brown's backyard and a burglary victim's assault rifle recovered in a search of Smith's residence.

2

{¶4} New counsel was appointed for trial. Smith was found guilty by a jury in February 2018 and sentenced a month later. Following our opinion in the direct appeal, he stood convicted on two counts of aggravated robbery, one count of aggravated burglary, three counts of burglary, one count of felonious assault, and four counts of having weapons while under a disability. *See State v. Smith*, 1st Dist. Hamilton No. C-180151, 2019-Ohio-5264, *appeals not accepted*, 158 Ohio St.3d 1436, 2020-Ohio-877, 141 N.E.3d 251.

{¶5} Smith filed a pro se motion for a new trial on March 15, 2018. In that motion, he alleged prosecutorial misconduct in denying him "[his] rebuttal expert witness and D.N.A. test results," allowing the jury to see him in handcuffs, and failing to disclose in discovery evidence impeaching Brown's credibility.

{¶6} Six months later, Smith filed a "Supplement to Pending Motion for New Trial," with the stated purpose of providing "clarity" concerning the assertions of his March 2018 new-trial motion. In that "Supplement," Smith challenged the state's DNA-test results showing him as the source of DNA found on swabs taken from the handgun and assault rifle. He asserted that law enforcement had used false and perjured documents to get his DNA and had improperly submitted the swabs instead of the guns for DNA testing.

{¶7} A year later, Smith first raised the matter of his trial counsel's effectiveness concerning DNA testing of the guns. In his petition under R.C. 2953.21 et seq., he sought postconviction relief on the grounds that he had been denied his constitutional rights to due process, compulsory process, and the effective assistance of counsel, because his trial counsel failed to submit the guns for testing by DDC and then lied to the court about her efforts to do so. The common pleas court denied the

3

petition, and we affirmed, because Smith did not satisfy the statutory requirements for filing a postconviction petition out of time. *State v. Smith*, 1st Dist. Hamilton No. C-190714, 2021-Ohio-2952.

{¶8} In December 2020, Smith filed the motion from which this appeal derives. In that motion, captioned "Amended Motion for New Trial," Smith sought a new trial under Crim.R. 33(A)(1), (3), (5) and (6), on essentially the same grounds advanced in his postconviction petition. He asserted that his trial counsel had been ineffective, and that he had been denied his right to compulsory process, when counsel neglected to adequately review his case to discover that previous appointed counsel had not sent the guns to DDC for DNA testing. And he asserted that he had been denied a fair trial, because the state's expert's DNA testimony was left unchallenged, and he was compelled to testify, when trial counsel misled him and the court about her efforts to secure DNA testing of the weapons by DDC and an analysis by DDC of the state's DNA-testing results.

{¶9} Smith's December 2020 motion was supported by outside evidence in the form of correspondence from March 7 to May 24, 2018, between Smith and the Hamilton County Public Defender's Office and between the public defender's office and DDC. On March 7, Smith sent a request to the public defender's office for trial counsel to file a motion for a new trial on the grounds that the trial court did not rule on his pro se pretrial motion to suppress and the jury saw him in handcuffs. On April 20, the public defender's office responded with a letter advising Smith that DDC had not produced a DNA report and offering the opinion that trial counsel had been "ineffective" in not following up on first appointed counsel's request for DDC to do so. And on May 24, DDC sent the public defender's office a letter memorializing the

inquiries made to DDC in Smith's case by first and second appointed counsel and by Smith's father. In that letter, DDC confirmed that first appointed counsel had requested case-review services, but not a consult, that no report or other work product had been produced, that Smith's father had been told in March 2018 that DDC could discuss the case and work only with counsel, and that second appointed counsel had left a message on her first attempt at contacting DDC and had not thereafter returned DDC's calls.

{¶10} On January 21, 2021, the common pleas court docketed an "Entry Overruling Motion for New Trial," but did not state any reasons for its decision. Smith filed this appeal of the January 21 entry. Smith presents two assignments of error that may fairly be read together to challenge the denial of his motion for a new trial without a hearing. We find no merit in that challenge.

### *Leave Not Sought*

{¶11} A new trial may be granted under Crim.R. 33(A) on the ground of newly discovered evidence, accident or surprise, an error of law, or an irregularity or abuse of discretion that prevented a fair trial. Crim.R. 33(A)(1), (3), (5), and (6). A motion for a new trial is directed to the sound discretion of the trial court, and the court's decision will not be reversed on appeal unless the court abused that discretion. *See State v. Williams*, 43 Ohio St.2d 88, 330 N.E.2d 891 (1975), paragraph two of the syllabus.

{¶12} A Crim.R. 33(A)(6) motion for a new trial on the ground of newly discovered evidence must be filed either within 120 days of the return of the verdicts or within seven days after leave to file a new-trial motion has been granted. A motion for a new trial on grounds other than newly discovered evidence must be filed either

within 14 days of the return of the verdict or within seven days after the granting of leave. Leave to file a Crim.R. 33(A)(6) motion out of time may be granted only upon clear and convincing proof that the movant had been unavoidably prevented from timely discovering the evidence upon which the motion relies. Leave to move for a new trial on grounds other than newly discovered evidence may be granted only upon clear and convincing proof that the movant had been unavoidably prevented from timely filing a new-trial motion. *See* Crim.R. 33(B); *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990); *State v. Carusone*, 1st Dist. Hamilton No. C-130003, 2013-Ohio-5034, ¶ 32.

{¶13}  Smith's verdicts were returned on February 20, 2018. Thus, he had until June 20 to move for a new trial based on newly discovered evidence and until March 6 to move for a new trial on other grounds. *See* Crim.R. 33(B).

{¶14}  On March 15, 2018, Smith filed a pro se motion for a new trial. In his March 2018 motion, he argued that the state withheld exculpatory evidence and his constitutional rights were violated because the jury saw him in handcuffs during the trial. Because he sought a new trial on grounds other than newly discovered evidence, the March 2018 motion was not timely filed. And Smith did not seek leave to move for a new trial out of time.

{¶15} In his December 2020 "Amended" motion, Smith raised newly discovered evidence for the first time. However, the December 2020 motion was filed almost three years after the return of the verdicts, well outside of the time limits prescribed in Crim.R. 33(B). The motion did not discuss the claims raised in the March 2018 motion, and therefore did not relate back to the March 2018 motion. Because Smith did not seek leave to file the December 2020 motion out of time, the motion was

properly denied. *See State v. Ojile,* 1st Dist. Hamilton No. C-200340, 2021-Ohio-2955, ¶ 10.

### *Conclusion*

**{¶16}** The common pleas court did not err in denying, without a hearing, Smith's December 2020 motion for a new trial, because the motion was not timely filed and Smith did not seek leave to file the motion out of time. Accordingly, we overrule the assignments of error and affirm the judgment of the court below.

Judgment affirmed.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.