[Cite as *State v. Hagens*, 2025-Ohio-3114.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                                      :

    Appellee,                                      :          CASE NO. CA2025-04-029

                               :          <u>OPINION AND</u>
 - vs -                                                                  <u>JUDGMENT ENTRY</u>
                               :          9/2/2025

TYLER JAMES HAGENS,                         :

    Appellant.                                     :

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CR40505

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Tyler James Hagens, pro se.

**O P I N I O N**

**PIPER, J.**

{¶ 1} Appellant, Tyler James Hagens, appeals the decision of the Warren County Court of Common Pleas dismissing his pro se petition for postconviction relief as

untimely.[1] For the reasons outlined below, we affirm the trial court's decision.

## Facts and Procedural History

{¶ 2} On April 24, 2023, the Warren County Grand Jury returned a 16-count indictment against Hagens. The indictment charged Hagens with four counts of first-degree felony rape, two counts of first-degree felony attempted rape, eight counts of second-degree felony pandering sexually oriented matter involving a minor, one count of third-degree felony gross sexual imposition, and one count of third-degree felony tampering with evidence. The charges arose after it was alleged Hagens had earlier that month sexually abused a seven-year-old child, compelling the child victim to submit to the abuse by force. It was alleged that Hagens had also created four video recordings of him sexually abusing the child victim. It was alleged Hagens had then sent the videos to the child victim via text message. Hagens was subsequently arraigned and entered a not guilty plea to all 16 charges. Bail was set at $1,000,000.

## The Plea Agreement

{¶ 3} On August 15, 2023, Hagens entered into a plea agreement with the State. The plea agreement required Hagens to plead guilty to one count of first-degree felony rape and eight counts of second-degree felony pandering sexually oriented matter involving a minor. The plea agreement included an agreed and jointly recommended sentence of 25 years to life in prison. The remaining charges levied against Hagens were dismissed in exchange for his plea. Following the necessary Crim.R. 11 plea colloquy, the trial court accepted Hagens' plea after finding Hagens' plea had been knowingly, intelligently, and voluntarily entered. Hagens expressly admitted to the facts as alleged by the State. These facts included Hagens specifically admitting to creating four video

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

recordings depicting him sexually abusing the child victim in this case. These facts also included Hagens specifically admitting to then sending those four video recordings to the child victim "by way of phone text."

{¶ 4}  Upon the trial court accepting Hagens' guilty plea, the trial court proceeded to sentencing where it sentenced Hagens to the agreed and recommended sentence of 25 years to life in prison, less 123 days of jail-time credit. The trial court also classified Hagens as a Tier III sex offender and notified Hagens that he would be subject to a mandatory five-year postrelease control term should he ever be released from prison.

**Delayed Appeal**

{¶ 5}  Several months later, on December 22, 2023, Hagens filed a pro se motion requesting leave to file a delayed appeal. This court granted Hagens' motion on January 17, 2024. Shortly thereafter, on January 24, 2024, the trial court appointed appellate counsel for Hagens. The following week, on January 29, 2024, a transcript of the trial court proceedings was filed with this court for purposes of Hagens' direct appeal. Approximately three weeks later, on February 16, 2024, Hagens' appellate counsel filed an appellate brief with this court pursuant to *Anders v. California*, 386 U.S. 738 (1967).[2]

{¶ 6}  On March 25, 2024, Hagens appeared pro se and moved this court for an extension of time to file his own appellate brief in support of his appeal. This court granted Hagens' motion the following day. However, rather than filing an appellate brief, Hagens instead moved this court to voluntarily dismiss his appeal. This court denied Hagens' motion to dismiss on March 27, 2025, noting this court would only consider such a motion if it was filed by Hagens' counsel. Shortly thereafter, on April 9, 2024, Hagens' appellate counsel also moved this court to voluntarily dismiss Hagens' appeal, a motion that this

---

2. For a discussion of the *Anders* decision and when the filing of an *Anders* brief is appropriate with this court, *see State v. Lawrence*, 2018-Ohio-3987 (12th Dist.).

court granted on April 15, 2024.

## Motion to Withdraw Guilty Plea

{¶ 7}   On April 25, 2024, Hagens moved the trial court to withdraw his guilty plea. The trial court issued a decision denying Hagens' motion to withdraw on June 11, 2024. Hagens appealed from the trial court's decision denying his motion to withdraw his guilty plea. This court's decision is still pending.

## Contemporaneous Petition for Postconviction Relief

{¶ 8}   On January 29, 2025, Hagens filed with the trial court a pro se petition for postconviction relief. Hagens filed his petition pursuant to R.C. 2953.21(A)(1)(a)(i). The State moved to dismiss Hagens' petition for postconviction relief as untimely on March 12, 2025. The trial court agreed with the State and, on March 27, 2025, issued a decision dismissing Hagens' petition for postconviction relief as untimely. The trial court did so without first holding an evidentiary hearing on the matter. In so doing, the trial court determined that Hagens' petition had been untimely filed by one day.

{¶ 9}   However, the trial court also determined that it could not entertain Hagens' petition given Hagens' failure to show by clear and convincing evidence that, but for a constitutional error at trial, no reasonable factfinder would have found him guilty as required by R.C. 2953.23(A)(1)(b). In reaching this decision, the trial court stated, in pertinent part, the following:

> The evidence that was attached to Defendant's petition does not show by clear and convincing evidence that he did not have the required mens rea to rape a child under ten. The evidence attached to Defendant's petition shows quite the contrary. This evidence shows that he intentionally set up a camera to record himself having sexual conduct with a child under the age of ten. Defendant's intent was to purposely have sexual conduct with a child under the age of ten, in which he recorded.

{¶ 10} On April 21, 2025, Hagens filed a notice of appeal from the trial court's

- 4 -

decision. Hagens' appeal was submitted to this court for review on July 16, 2025. Hagens' appeal now properly before this court for decision, Hagens has raised three assignments of error for review.

**The Current Appeal for the Denial of His PCR Petition**

**Assignment of Error No. 1:**

{¶ 11} THE TRIAL COURT ERRED BY DISMISSING THE POST-CONVICTION RELIEF PETITION, AS UNTIMELY, BASED ON AN OVERLY RIGID INTERPRETATION OF R.C. 2953.23, WHICH VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION.

{¶ 12} In his first assignment of error, Hagens argues the trial court erred by finding his petition for postconviction relief was untimely filed. Pursuant to R.C. 2953.21(A)(2), Hagens' petition was to be filed with the trial court no later than 365 days after the date on which the trial transcript was filed with this court in his direct appeal. As noted above, the trial transcript for Hagens' direct appeal was filed with this court on January 29, 2024. Therefore, because 2024 was a leap year, Hagens was required to file his petition for postconviction relief no later than January 28, 2025. Hagens filed his petition one day later, on January 29, 2025. Accordingly, because Hagens filed his petition for postconviction one day late, the trial court did not err by finding Hagens' petition for postconviction relief was untimely filed. *See, e.g., State v. Smith*, 2021-Ohio-2952, ¶ 11 (1st Dist.) ("Notwithstanding the fact that Smith's postconviction petition was filed one day late, the statute requires strict adherence to filing deadlines in postconviction claims."). Hagens' attempt to shift the blame for the untimely filing upon the State is unavailing for the State has no obligation to assure Hagens' petition was timely filed. That was instead Hagens' burden to bear as the petitioner seeking relief under R.C. 2953.21(A)(1)(a)(i). Hagens' first assignment of error is overruled.

- 5 -

**Assignment of Error No. 2:**

{¶ 13} [THE] TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THAT APPELLANT DID NOT MEET THE R.C. 2953.23(A)(1) EXCEPTION OR CONSIDER THE OPERATIVE FACTUAL EVIDENCE PRESENTED IN SUPPORT OF THE REQUEST FOR LEAVE TO FILE [A] DELAYED PETITION FOR POSTCONVICTION RELIEF.

{¶ 14} In his second assignment of error, Hagens argues the trial court erred by finding it could not entertain his untimely petition for postconviction relief under R.C. 2953.23(A)(1). But, given its untimeliness, before the trial court could entertain Hagens' petition, Hagens had to show by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty as required by R.C. 2953.23(A)(1)(b). Hagens could not meet this requirement because, rather than taking the matter to trial, Hagens instead pled guilty. *See, e.g., State v. Coleman*, 2023-Ohio-4354, ¶ 29 (12th Dist.) (finding appellant could not satisfy the requirement set forth in R.C. 2953.23[A][1][b] where "[a]ppellant was convicted pursuant to his guilty plea, not by reason of trial"); *see also State v. Lindsey*, 2024-Ohio-5244, ¶ 29-32 (12th Dist.) (trial court did not err by finding R.C. 2953.23[A][1][b] limited its ability to entertain untimely petitions for postconviction relief to constitutional errors that occurred at trial). Therefore, finding no merit to Hagens' claim raised herein, Hagens' second assignment of error is also overruled.

**Assignment of Error No. 3:**

{¶ 15} [THE] TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT AN EVIDENTIARY HEARING ON THE MERITS OF HIS CONSTITUTIONAL CLAIMS.

{¶ 16} In his third assignment of error, Hagens argues the trial court erred by

dismissing his petition without first holding an evidentiary hearing on the matter. However, given the record properly before this court, we find no error in the trial court's decision. The trial court had no jurisdiction to conduct an evidentiary hearing.

{¶ 17} Even if the trial court had had jurisdiction, we note, "A trial court properly denies a postconviction relief petition without a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Harris*, 2020-Ohio-4101, ¶ 15 (12th Dist.). The record in this case firmly establishes that Hagens video recorded himself sexually abusing the victim. The record also firmly establishes that Hagens then sent those four video recordings to the victim via text message. By pleading guilty, Hagens specifically admitted to these facts. Therefore, because the record in this case affirmatively disproves each of Hagens' claims, which includes, most notably, Hagens' claim that he did not have the required mens rea to be convicted of sexually abusing the victim in this case due to his voluntary intoxication, it would not have been an error for the trial court to dismiss Hagens' petition without first holding an evidentiary hearing on the matter. Accordingly, finding no merit to Hagens' claim raised herein, Hagens' third assignment of error is likewise overruled.

## Conclusion

{¶ 18} For the reasons outlined above, and having now overruled Hagens' three assignments of error, Hagens' appeal from the trial court's decision denying his pro se petition for postconviction relief as untimely is denied.

{¶ 19} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

## **J U D G M E N T   E N T R Y**

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Mike Powell, Judge