[Cite as *State v. Hagens*, 2026-Ohio-2360.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2026-01-006 |
| Appellee, | : | |
| vs. | : | OPINION AND JUDGMENT ENTRY 6/22/2026 |
| TYLER JAMES HAGENS, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CR40505

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Tyler James Hagens, pro se.

## **O P I N I O N**

**SIEBERT, J.**

{¶ 1} Tyler J. Hagens appeals the trial court's denial of multiple postconviction motions stemming from his plea of guilty for, among other crimes, rape. In his fourth appeal related to these crimes, Hagens argues the trial court erred in denying a motion

for the trial court to reconsider its denial of Hagens' first postconviction petition for relief (which we previously affirmed). In addition, Hagens asserts the trial court erred in deeming another postconviction motion as a second petition for relief, concluding it did not have jurisdiction to address the petition, and dismissing it without ruling on the merits.

{¶ 2} Similar to his prior appeals, we find none of these assignments of error have merit. Hagens' motion to reconsider is a nullity the trial court had no jurisdiction to rule on. Even if it could, the law of the case doctrine and res judicata precluded further litigation of the issues Hagens previously raised to both the trial court and this court. In addition, we conclude the trial court correctly deemed another filing by Hagens as a successive postconviction petition for relief and found the petition fulfilled none of the applicable statutory prerequisites. Finally, we sua sponte conclude that Hagens' persistent and frivolous appeals were not reasonably grounded in fact or law and merit declaring him a vexatious litigator.[1]

**Background**

{¶ 3} On August 15, 2023, Hagens pled guilty to one count of forcible rape of a child under 13 and eight counts of pandering sexually-oriented matter involving a minor. In exchange for that plea, the State dismissed all other counts against him. Hagens agreed to a jointly recommended sentence of life with parole eligibility after 25 years and a Tier III Child Victim Sexual Offender classification. The court accepted the plea and imposed the agreed sentence the same day.

{¶ 4} Several months later, Hagens filed a pro se motion requesting leave to file a delayed appeal. This court granted Hagens' motion and shortly thereafter appointed appellate counsel for Hagens. His appellate counsel filed an *Anders* brief stating there

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

- 2 -

were no meritorious issues to present on appeal. Hagens subsequently filed a pro se motion to withdraw his guilty plea with the trial court. However, the trial court determined it had no jurisdiction to rule on the motion due to Hagens' direct appeal and held the motion in abeyance. *See generally Anders v. California*, 386 U.S. 738 (1967). Hagens subsequently moved to dismiss his direct appeal which this court granted with prejudice.

{¶ 5} Hagens then filed a new motion to withdraw his guilty plea, arguing his attorney provided ineffective assistance of counsel by not investigating affirmative defenses and the trial court failed to merge certain offenses. The trial court denied the motion without a hearing, finding (1) Hagens' arguments were barred by res judicata and (2) that Hagens had not set forth grounds sufficient to merit setting aside his guilty plea. We affirmed this decision. *State v. Hagens*, 2025-Ohio-4989 (12th Dist.) (*Hagens II*). In *Hagens II*, we noted we did not need to address the merits of his arguments because Hagens never challenged the trial court's application of res judicata. *Id.* at ¶ 24. Nonetheless, we concluded the trial court properly applied res judicata because the issues Hagens raised "could have been raised in Hagens' direct appeal" that Hagens personally dismissed. *Id.* at ¶ 25. In addition, even after examining the merits of Hagens' assignments of error, they were all overruled. *Id.* at ¶ 63. We also refused to address Hagens' allegation that "the investigating officer failed to collect and preserve critical evidence" because he had never raised it in court until this appeal. *Id*. at ¶ 62.

{¶ 6} Before this court issued *Hagens II*, Hagens filed a pro se petition for postconviction relief. Hagens asserted his constitutional rights were violated because (1) the State did not disclose purportedly exculpatory evidence and (2) his attorney provided ineffective assistance of counsel by advising Hagens to take a plea without knowing all relevant facts. The trial court denied the motion without a hearing, determining Hagens filed the motion too late and that he did not show by clear and convincing evidence that

no reasonable jury could find him guilty of rape. We affirmed this decision as well, stating in part that "Hagens' attempt to shift the blame for [his] untimely [petition for postconviction relief] upon the State" failed because the State possessed no obligation to make sure it was timely filed. *State v. Hagens*, 2025-Ohio-3114, ¶ 12 (12th Dist.) (*Hagens III*).

{¶ 7} Subsequent to his original motion for postconviction relief, Hagens filed with the trial court a motion to reconsider his postconviction petition as well as a "Motion to Issue Final Order and Vacate Conviction Due to Invalid Plea and Violation of Due Process" ("Motion to Vacate"). The motion to reconsider asked the trial court to deem his original postconviction petition timely filed. The Motion to Vacate asserted Hagens' sentence was void because the trial court failed to inform him of the impact the plea and conviction would have on a sentence of probation Hagens was serving in another county.

{¶ 8} The trial court denied the motion to reconsider on the basis of res judicata, finding the issues it raised had "been fully adjudicated by this Court and the Twelfth District Court of Appeal[s]." In addition, the trial court denied the Motion to Vacate after construing it as a second petition for postconviction relief and finding the court lacked jurisdiction to entertain the motion because Hagens did not "satisfy the jurisdictional requirements" for postconviction petitions.

{¶ 9} Hagens now appeals (once again), and these last two decisions are the primary subject of our review.

**First Assignment of Error – Motion to Reconsider**

{¶ 10} With his first assignment of error, Hagens argues the trial court improperly denied his original petition for postconviction relief and his subsequent motion to reconsider. He asserts the trial court's "hyper-technical" ruling that Hagens filed his original motion for postconviction one day late unduly prejudiced him and ignored purported malfeasance by the State.

{¶ 11} There are multiple issues with this argument. The first is we have no jurisdiction to consider this assignment of error. "[T]here is no rule that allows a party to move a trial court for reconsideration of a final judgment." *State v. Vanelli*, 2003-Ohio-2717, ¶ 8 (9th Dist.). A motion for reconsideration of a final judgment is therefore a nullity, and "[b]ecause a judgment entered on a motion for reconsideration is also a nullity, a party cannot appeal such a judgment." *State v. Leach*, 2005-Ohio-2370, ¶ 6 (12th Dist.).

{¶ 12} Second, assuming for the sake of argument we did have jurisdiction, Hagens' arguments regarding the untimeliness of his appeal is barred by the law of the case doctrine. The doctrine provides that "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, syllabus (1984). Hagens neither asserts nor demonstrates the existence of such "extraordinary circumstances," and we decline to address the untimeliness of his appeal because the trial court properly followed the law of the case doctrine. *See Hagens III* at ¶ 12.

{¶ 13} Third, this assignment or error is barred by res judicata. This doctrine precludes a convicted defendant "from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised at trial or on direct appeal." (Cleaned up) *State v. Hall*, 2024-Ohio-1235, ¶ 39 (12th Dist.). Stated differently, a petition for postconviction relief does not "provide a petitioner a second opportunity to litigate a conviction." *State v. Boles*, 2017-Ohio-786, ¶ 19 (12th Dist.). Hagens' motion to reconsider, by its very nature, makes the same arguments forwarded in his original petition for postconviction relief.

{¶ 14} We overrule this assignment of error.

**Second Assignment of Error – Res Judicata**

{¶ 15} Hagens next argues the trial court erred by applying the doctrine of res judicata to the allegations of his original petition for postconviction relief because evidence outside of the record purportedly demonstrated the State failed to disclose exculpatory evidence and his attorney therefore failed to fully investigate the case before advising Hagens to take a plea. However, the trial court did not apply res judicata to Hagens' allegations because the trial court denied the petition on the basis of it being filed late, a decision we affirmed in *Hagens III*.

{¶ 16} This assignment of error is overruled.

### Third, Fourth, and Fifth Assignments of Error – Successive Petitions for Postconviction Relief

{¶ 17} With his final three assignments of error, Hagens argues the trial court erred in deeming the Motion to Vacate a successive postconviction petition, concluding it did not have jurisdiction to address the petition, and dismissing it without ruling on the merits. In the petition, Hagens asserted he was on probation for an unrelated offense when he pled guilty in this case and that the trial court erred in sentencing him without addressing the ramifications his plea would have on his probation. This error, Hagens claims, made his sentence void—giving the trial court jurisdiction to address it—because Hagens did not enter into his plea knowingly and intelligently.

*Applicable Law*

{¶ 18} "[W]ith the exception of an appeal, a petition for postconviction relief is 'the *exclusive remedy* by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case.'" (Emphasis in original). *State v. Parker*, 2019-Ohio-3848, ¶ 33, quoting R.C. 2953.21(K). Such petitions must be filed within 365 days of the date the trial transcript is filed with the court of appeals in a direct appeal. R.C. 2953.21(A)(2)(a). Motions filed after that date or a second or successive petition for

postconviction relief may not be entertained by a trial court unless the petitioner demonstrates: "(1) he was unavoidably prevented from discovering the facts necessary to assert his claim for relief (2) he is invoking a new federal or state right recognized by the United States Supreme Court that is retroactively applicable to persons similarly situated." *State v. McKelton*, 2016-Ohio-3216, ¶ 7 (12th Dist.), citing *id*. However, "[i]f the petitioner satisfies one of these threshold requirements, he must then offer clear and convincing evidence demonstrating that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted." *Id.* at ¶ 8.

{¶ 19} The Supreme Court of Ohio has observed that "'where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.'" *State v. Parker*, 2019-Ohio-3848, ¶ 33, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). In *Reynolds*, the Ohio Supreme Court held that a motion styled "Motion to Correct or Vacate Sentence" was properly treated as a petition for postconviction relief because it was "(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment or sentence." *Reynolds*, 79 Ohio St.3d 158 at 160.

*Analysis*

{¶ 20} Consistent with the elements of a postconviction petition established in *Reynolds*, Hagens' Motion to Vacate (1) was filed subsequent to his direct appeal (as well as his original petition for postconviction relief); (2) claimed his constitutional due process rights were violated; (3) asserted his sentence was therefore void; and (4) requested his sentence be vacated. As a result, the trial court properly deemed the Motion to Vacate a

postconviction petition.

{¶ 21} This second petition, filed after his original petition we deemed untimely filed, must then also be deemed untimely. In addition, Hagens' petition fulfills none of the prerequisites for an untimely or successive postconviction petition. As noted by the trial court, Hagens "neither alleges nor demonstrates" (1) how he was unavoidably prevented from discovering the purported defects in his plea or (2) that he sought to invoke a newly recognized state or federal right. Most importantly, however, Hagens is unable to demonstrate that no reasonable fact finder could find him guilty of rape because *he pled guilty* instead of going to trial. *Hagens III*, 2025-Ohio-3114 at ¶ 14 (12th Dist.).

{¶ 22} Hagens nonetheless asserts that regardless of how the Motion to Vacate is construed, his sentence is void because the trial court was required to advise him of the effects that plea had on the probation he was serving at the time for another crime. However, Hagens cites no authority supporting the assertion the trial court was required to advise him in this regard or that its failure to do so means his sentence is void—which can be addressed at any time—as opposed to being merely voidable—which cannot be addressed by a postconviction petition. *See generally, State v. Henderson*, 2020-Ohio-4784. It is well established that appellate courts are not required to "'root out' or develop an argument that can support an assignment of error, even if one exists." *Rathert v. Kempker*, 2011-Ohio-1873, ¶ 12 (12th Dist.), quoting *Hausser & Taylor, LLP v. Accelerated Systems Integration, Inc.*, 2005-Ohio-1017, ¶ 10 (8th Dist.).

{¶ 23} We overrule this assignment of error.

### Vexatious Litigator

{¶ 24} Finally, we sua sponte address the issue of whether Hagens is a vexatious litigator. Under our local rules, this court may determine on its own accord "that an appeal, original action or motion is frivolous or prosecuted for the purpose of delay, harassment"

- 8 -

or any other inappropriate purpose. Loc. R. 25(A). Appeals are frivolous when they are "not reasonably well-grounded in fact or warranted by existing law, or by a good faith argument for the extension, modification or reversal of existing law."

{¶ 25} Moreover, "[i]f a party . . . habitually, persistently and without reasonable cause engages in frivolous conduct . . . [this] court may . . . find the offending party or litigant to be a vexatious litigator." *Id.* at (B). If this court declares someone a vexatious litigator, this court can impose "filing restrictions . . . [including] prohibiting the party . . . from continuing or instituting legal proceedings in the Twelfth District Court of Appeals without first obtaining leave of court . . . and/or any other sanction or restriction the court considers just and appropriate."

{¶ 26} Upon review of Hagens' various postconviction petitions and motions, we conclude we must declare him a vexatious litigator. In less than three years, Hagens has instituted four separate appeals. At Hagens' own request, we dismissed his direct appeal (wherein his appellate counsel concluded no meritorious issues existed). In *Hagens II* and *Hagens III*, this court concluded Hagens' growing list of reasons as to why his plea, conviction, and sentence should be set aside were untimely, meritless, or could have been raised in his direct appeal. Seemingly unperturbed by these adverse rulings, Hagens asked the trial court (and then us via the instant appeal), to reconsider our decision finding his postconviction petition untimely and asserting yet another reason he believes his conviction and sentence are invalid. All the while, Hagens has not meaningfully (1) grappled with the preclusive effect of each prior appeal or (2) addressed the prerequisites for an untimely or successive postconviction petition.

{¶ 27} This litany of postconviction motions and petitions does not merely represent the toils of an inexperienced, pro se litigant, but a persistent and frivolous effort by Hagens to pass blame for his present situation onto anyone and everyone but himself.

These efforts have not been reasonably well-grounded in fact or warranted by existing law and were prosecuted merely to delay the finality of his conviction and sentence. Such obstinance need not be tolerated in perpetuity.

{¶ 28} We will therefore order that Hagens is prohibited from continuing or instituting legal proceedings in the Twelfth District Court of Appeals without first obtaining leave of this court.

{¶ 29} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that appellant is found to be, and classified as, a vexatious litigator pursuant to Loc.R. 25, and is prohibited from continuing or instituting legal proceedings in the Twelfth District Court of Appeals without first obtaining leave of this court. This classification shall apply solely to the Twelfth District Court of Appeals.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Mike Powell, Judge*

*/s/ Melena S. Siebert, Judge*